M. Foster *against* Scoffield, *son* of Scoffield.

· THIS was an action of trespass, for asssaulting, beating, seducing, debauching, and getting with child, the daughter of the plaintiff, *per quod servitium amisit.* Plea *not guilty.* The cause was tried at the *West-Chester* circuit, on the 21st of *May,* 1805, before Mr. Justice LIVINGSTON.

The plaintiff produced his daughter, who proved the seduction, &c. She was then asked by the defendant's counsel, whether the defendant had promised her marriage, previous to that fact? This question was objected to on the part of the defendant; but on the plaintiff's counsel offering to stipulate that the witness should not bring any action on account of the breach of such promise of marriage, the judge, though the question was still objected to on the part of the defendant, suffered it to be put to the witness, who answered, " that the defendant did promise her marriage, before any connection between them, and that she yielded to his solicitations in consequence of that promise."

The judge charged the jury, that they might give the plaintiff damages, not only for the injury alleged in the declaration, but also such damages as they might think the witness entitled to, had she brought a suit for a breach of the promise of marriage. The jury found a verdict for the plaintiff for five hundred dollars, damages.

A motion was now made to set aside the verdict, for the misdirection of the judge.

*Woods,* for the defendant, was stopped by the court.

*T. A. Emmett,* for the plaintiff. The objection is, that the daughter's testimony as to the promise of marriage, ought not to have been received, because she has a *direct interest* to prove that fact. But as the damages are to go to her father, she has no direct interest in the event, or any immediate benefit to be derived from the verdict. She has no greater, or more direct interest, in the increase of damages, than every child has, in an action where such child is a witness

for the parent. If she was a *competent* witness, the objection of interest cannot be urged against her answering any question whatever; her answer must be left to be weighed by the jury, as to her credit under the circumstances, in which she appears before them.

KENT, C. J.    The difficulty is, that in this way, you do, in effect, make the daughter a witness in her own cause.

*Emmett.* But if she were incompetent, yet she has agreed to bring no action against the defendant, thereby relinquishing her right, and removing all objections to her competency. This sort of action, has, of late years, been much freed from those technical rules by which it was originally framed. It is now, no longer a mere remedy for loss of service. That is used as mere form or colour of action. In the case of *Bedford* v. *M'Kowl*,* where the counsel for the defendant objected to the admission of any evidence, but what applied to the loss of service, Lord *Eldon* said, " In point of form the action only purports to give a recompense for loss of service ; but we cannot shut our eyes to the fact, that this was an action brought by a parent for an injury to her child. In such case, I am of opinion, that the jury may take into consideration all that she can feel, from the nature of the loss." If in any case, the damages ought to be exemplary, this is one. The defendant ought to smart for his breach of honour and good faith, and to suffer for such gross misconduct. If the misconduct of the defendant, be aggravated by his previous promise of marriage, why not permit the plaintiff, according to the more liberal views of this form of action now prevailing, to give that aggravation in evidence ? If it can be given in evidence at all, why not prove it by the daughter, who is allowed to be a competent witness, in every other respect, at least, as well as by a stranger, or third person, especially when she consents to waive all right of action herself on that account ?

In the case of *Elmonson* v. *Machell*,† which was an action brought by the aunt, for an assault of her niece, in which damages were also given for the injury sustained by the niece, the court, on the niece's consenting not to try her

* 3 *Espinasse's
cases*, 119.

† 2 *Term*, 4.

action, refused to set aside the verdict, on any strict point of law, believing that no more than justice had been done between the parties.

NEW-YORK, May, 1806.

Foster v. Scoffield.

SPENCER, J. It does not appear from the report of that case, that the niece was the witness who proved the assault.

*Benson,* on the same side. In all cases of mere *tort* for implied damages, every matter which may weigh in the estimation of damages, ought to go to the jury. In almost every case of this kind, there is a promise of marriage, and whether there is, or is not, such a promise, must enhance, or diminish the injury. The daughter ought to be admitted as a witness; it is for that very reason that the action is brought in the name of the parent. The form is a *mere fiction;* the object of the suit is to obtain reparation for the injury done to the family. On all trials of actions of this kind, the question is, did the defendant visit you in the way of courtship? This is tantamount to asking her, did the defendant promise you marriage?

LIVINGSTON, J. I am convinced that the admission of this testimony, and my charge to the jury were both incorrect. The daughter was not only interested to say what she did, in support of her own reputation, but was swearing to enable the father to recover, in an action for the loss of his daughter's service, compensation for a breach of the promise of marriage, in itself a substantive and distinct cause of action, and with which he had nothing to do, and against which the defendant would not be ready to defend himself. Testimony of this nature has never been admitted in *England.*

*Per Curiam.* The law is settled,† that in a suit by the father, for debauching his daughter, the daughter cannot be a witness to prove a promise of marriage, in order to increase the damages, for she has herself a right of action against the defendant. The father's action is for a *tort;* that of the daughter is for a breach of the contract, made between her and the defendant.

† *See Tullidge* v. *Wade.* 3 *Wilson,* 18.

New trial granted.