NEW-YORK,
May, 1831.

Gillet
v.
Mead.

---

### GILLET *vs.* MEAD.

In an action for *seduction*, evidence of *promise of marriage* is inadmissible; and although the judge instructs the jury not to consider the damages arising from the breach of the promise of marriage, where such evidence has been received, the verdict will be set aside.

The utmost latitude of inquiry is, that the female may be asked whether the defendant paid his addresses in an honourable way.

THIS was an action on the case for debauching the servant of the plaintiff *per quod servitium amisit*, tried at the Putnam circuit in April, 1830, before the Hon. JAMES EMOTT, late one of the circuit judges.

The female seduced was asked, on her examination as a witness, whether or not the defendant, previous to having carnal knowledge of her, promised her marriage. The defendant objected to the question, but the judge allowed it to be put, to prove the seduction and to shew that the intercourse between the parties was such as a prudent parent might have admitted, but not to lay the foundation for a recovery of damages for the breach of the promise. The question was put, and answered in the affirmative. The judge, however, charged the jury, that in assessing the damages of the plaintiff, they should have no reference to the promise of marriage, the remedy for the breach of which belonged only to the female by action in her own name. The jury found a verdict for the plaintiff for $200 which the defendant moved to set aside.

*W. Nelson,* for defendant.

*R. C. Austin,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The only question in this case is whether the judge did not err in receiving testimony of a promise of marriage. In *Foster Schofield,* 1 Johns. R. 299, it was held to be improper. There the judge had instructed the jury that they might give damages for the seduction and also for breach of promise; here the jury were cautioned on that subject, but the evidence being before them, they might be influenced by it even against their own determination not to consider it; this case has been recognized as correct, 2 Wendell, 464. In *Tullidge* v. *Wade,* 3 Wilson, 18, the court refused to set aside a verdict precisely similar, where the judge charged the jury not to consider the damages arising from the breach of the promise; but it is certainly a dangerous practice—the jury may give damages, notwithstanding the charge of the court, for the breach of promise, and that upon the testimony of the party interested. In *Dodd* v. *Norris,* 3 Campb. 519, Lord Ellenborough said, the daughter may be asked whether the defendant paid his addresses in an honourable way; farther than that you can on no account go.

A new trial must be granted, with costs to abide the event.