## DEERFIELD *vs.* NORTHWOOD.

If incompetent evidence is introduced in the course of a trial, but the jury are afterwards directed to disregard it, the admission of it furnishes no ground for a new trial, unless there is reason to believe that it improperly influenced the verdict.

ASSUMPSIT for relief furnished by the plaintiffs to Rachel Griffin, alleged to be a pauper, having her settlement in Northwood.

To prove her settlement in that town, the plaintiffs introduced evidence tending to show that she owned real estate there of the value of $150, for the whole of the years 1822 to 1825, inclusive, paid all the taxes assessed upon her estate, and resided there the same years.

The defendants offered evidence tending to prove that the real estate was not of the value of $150, and that said Rachel did not reside in Northwood for the entire period before mentioned.

They also offered in evidence copies of an application of the selectmen of Deerfield, to the probate court, for the appointment of a guardian of said Rachel, as a person idle and vicious, and likely thereby to expose said town, in which she had her legal settlement, to maintain her as a pauper, dated September 5, 1827, and of other proceedings in the probate court, upon said petition, which resulted, January 2, 1828, in the appointment of a guardian. To this evidence the plaintiffs objected, but it was admitted.

The court, however, charged the jury that they did not consider the evidence as having any bearing upon the case, further than as it might have a tendency to show that the original settlement of said Rachel was supposed to be in the town of Deerfield, which was not contested; and that the whole question of settlement turned on the value of the real estate owned by her in Northwood. If that was under $150 in value, she gained no residence in Northwood; if over $150 in value, then her residence was there, provided she had her home and paid taxes there for the term of four years, as alleged by the plaintiffs. And that the papers offered by the defendants, relative to the application for guardianship, had no tendency to prove any thing as to said value, and were to be entirely disregarded on that point.

The jury found a verdict for the defendants, and the plaintiffs moved that it be set aside, on account of the admission of improper testimony, as aforesaid.

*Butler, Bell, & St. Clair*, for the plaintiffs.

*Bartlett, & Dearborn*, for the defendants.

PARKER, C. J.   The question arising in this case has already been settled, in *Hamblett* vs. *Hamblett*, 6 *N. H. Rep.* 334.   It was decided in that case, that if evidence is admitted on trial, which proves to be incompetent, and the jury are directed to disregard it, the admission furnishes no ground for a new trial, unless there is reason to believe that the evidence improperly influenced the verdict.

A view somewhat different is taken of the matter in New-York.   7 *Wend.* 193, *Gillet* vs. *Mead.*   It is said, in that case, that the jury might be influenced by the evidence against their own determination.   That decision, however, it is admitted is directly opposed to that of *Tullidge* vs. *Wade*, 3 *Wils. R.* 18.

We see no reason to doubt the correctness of the principle, as established in Hamblett *vs.* Hamblett.   There may be cases in which the irrelevant testimony which has been introduced is of a nature so well adapted to make such an impression upon the minds of the jury, that instructions to disregard it cannot well have their legitimate effect ; and there may be cases where, after the admission of such testimony, the result of the trial indicates that it must have had an improper operation.   If, in any case, there is good reason to believe that injury has been done to the adverse party, by the introduction of such evidence, notwithstanding the caution and instructions of the court, that will furnish a sufficient cause for sending the case to another trial.   But, unless there is good ground for suspicion, it must be presumed that the instructions of the court were not disregarded.

Nothing appears in this case to lead to the belief that the plaintiffs were prejudiced by the introduction of the testimony, and there must be

*Judgment on the verdict.*