The opinion of the court was delivered by Justice Whitehead, with whom the Chief Justice and Justice White concurred.
Whitehead, J.
The counsel for the defendant m error admits that evidence of a promise of marriage prior to the seduction is incompetent, but insists upon its competency after the act complained of, as explanatory of the conduct of the parties. It appears to me there is no foundation in law or in reason for this distinction. The cases all show the evidence to be incompetent without reference to the time when the promise was made, whether before or after the injury complained of. The reason assigned by courts for rejecting it is, that it is in itself a distinct cause of action in favor of the witness, with which the father has nothing to do, and against which the defendant would mot be ready to defend himself.
If this evidence were lawful under any circumstances, or tor any purpose in these actions, it would be to vindicate the character of the daughter, and to show that she yielded to the solicitations of her seducer under a promise of marriage. But for this purpose ithas been repeatedly adjudged to be incompetent, 1 Johnson R. 297: 2d Wendell, 457: 7 Wendell 193: Peake’s Evidence, 333, 334. In 5 Price R. 641 there is a dictum of Garro w Baron in favor of its admission to vindicate the character of the daughter, but he has not the support of the other judges.
I regard the evidence as incompetent either as vindicating the conduct of the father or of the daughter. In these actions the conduct of the parents in reference to the daughter, and the conduct and behavior of the daughter, are not unfrequently called in question at the trial, with the view of mitigating the damages; *241 and if the plaintiff be permitted to prove a promise of marriage to repel any inferences unfavorable to either, then the necessity will arise in every case where any facts are proven which have the appearance of indiscretion or carelessness on the part of the parents or daughter. It is no answer to say that the jury may be instructed by the judge to give damages only for the seduction and not for the breach of promise of marriage. “ The evidence being before them, they may be influenced by it even against their own determination not to consider it.” 7 Wendell 193.
Justice Neyius delivered a dissenting opinion in which Justice Eemeb concurred.
Neyius J.
Two errors have been assigned why this judgment should be reversed.
First, That the judge who tried the cause permitted the plaintiff to give in evidence under the general issue, promise of marriage made by the defendant to the daughter.
Second, That he permitted the plaintiff under that issue, to give in evidence that the said promise of marriage were the reasons which induced the plaintiff below to permit the defendant to visit his house after he had been informed that his daughter had been dishonored.
This action was brought by the father for the seduction of his daughter and upon looking into the bill of exceptions it appears that the second error assigned is not true in fact. The court permitted the daughter to testify that the promise of marriage was the reason she continued to keep the defendant’s company after the intercourse between them. Ellen Berdan the daughter was the principal witness for the plaintiff and upon her cross examination testified that the defendant visited her at her father’s house and with his knowledge after he had been informed of the improper intercourse between them. The counsel for the plaintiff then asked her whether the defendant had made her promises of marriage after such intercourse and upon objection made, the court permitted the question to be answered, to repel the inference that the plaintiff had improperly countenanced the defendant’s visits, after he knew that his daughter had been dishonored. The *242 witness then answered that he had made such promises after the connection, and that she had immediately informed -her mother of them. She was then asked if that was the reason she continued to keep his company, and this question being also objected to, was permitted by the court to be put and was answered in the affirmative.
The plaintiff in error insists that it is an inflexible rule that in an action for seduction a promise of marriage cannot be proved. That in such an action the father shall not be permitted to prove that the defendant succeeded in committing the injury, by means of a promise of marriage, and shall not be permitted to prove such a promise to increase the damages; for such promise constitutes an independent cause of action in favor of the daughter, and the defendant may therefore be punished twice for the same thing. This however Chief Justice Wilmot thought would be so much the better for he ought to be punished twice, 3 Wils. 18. The. soundness of this rule may be and has been seriously questioned. Starkie in his treatise on evidence remarks that “it is questionable” and gives this reason: “That it tends to exclude evidence of the extent of the injury and the means used to perpetrate it, which would seem material for the consideration of the jury.” And Lord Ellenborough in Dodd v. Norris, 3 Camp. 519, permitted the daughter to be asked “whether the defendant paid his addresses to her in an honorable way.” I do not know how that fact would be better proved than by evidence of such promises. But laying these doubts aside and adopting the rule as laid down in the cases cited by the plaintiff’s counsel I do not find the error complained of. In all these cases the promises proved or attempted to be proved, were made antecedent to the act which occasioned the injury and for which the action was brought and were offered in evidence to aggravate the damages. In Tullige v. Wade, 3 Wil. 18 the witness swore that the defendant had promised her marriage and by that means had overcome her virtue. The court adjudged this evidence illegal, but nevertheless refused to set aside the verdict, as the judge who tried the cause was satisfied the jury had not been controlled by that evidence, or they would have given damages to six times the amount they did. In Foster v. Scofield 1 J. R. 297, the question put to the witness was, “ whether the defendant had promised *243 her marriage previous to that fact. Upon motion to set aside the verdict the court said the question was improper. In Clark v. Fitch, 2 Wend. 459, and in Gillet v. Mead, 7 Wend. 193 the offer was to prove a promise of marriage before the improper intercourse took place. The present case differs from all that have been cited and from all I can find, in this, that the promise here proved, was made after the act which occasioned the injury was committed, and for which act the suit was brought, and it was not offered in evidence to increase the damages against the defendant, for such could not be its legitimate effect, but only to explain the conduct of the plaintiff which the defendant had attempted to impeach.
In this action it is competent for the defendant to show in mitigation of damages, that the conduct of the plaintiff had been improper, negligent or imprudent, that he had been remiss in parental duty, or that he had connived at or suffered the visits of persons whom he had reason to believe would corrupt his daughter’s morals. This the defendant in the case attempted to do, by proving that the father had permitted him to visit his house after he knew of the illicit intercourse with his daughter. Thus by his own testimony he made it important for the plaintiff to offer this evidence, to explain his conduct and vindicate his character from unjust suspicion and prevent a mitigation of damages, by means of false inferences. And the reason applies equally to the second question objected to. The defendant had proved that the daughter had tolerated his visits after she had been debauched by him; it was competent therefore for the plaintiff to explain the reasons why this was done and thereby to prevent the jury from drawing false conclusions in regard to her character. In Elliott, v. Necklin 5 Price 641, Garrow Baron said “ The distinction is this whore the promise of marriage is not relied on as a prominent part of the ease, but is merely collateral to the main object of the action, as to vindicate the character of the daughter when assailed by the defendant.” I adopt this principle as consistent with justice and sound reason, and conflicting with no established rule of law or evidence. And it applies in all its force to the case before us, to wit, the vindication of the character and conduct both of the plaintiff and his daughter, from the imputations cast upon them by the defence. The evidence became necessary *244 and proper to prevent an undue advantage by the defendant upon the question of damages. But it was insisted on the argument, that there was no evidence that these promises had ever come to the knowledge of the plaintiff and that therefore they did not tend to explain or extenuate his conduct. The evidence was that they were communicated to the mother and it was left to the jury to infer, that in a ease of this domestic concern, it had been brought to his knowledge. Again it is insisted, that the jury found greater damages than they would have done, but for this evidence. This may be so, if these subsequent visits of the defendant had not been accounted for and explained, but I am by no means prepared to say that the jury would have rendered a less verdict if there had been no evidence at all, on the subject of these visits. The cause was tried before me, and in submitting it to the jury, I instructed them “ that if they believed from the evidence, that the plaintiff had permitted the defendant to continue his visits to his daughter after he knew that he had violated her chastity and abused the hospitality of his house, it would be a strong reason why they should not render exemplary damages, but if they found that the defendant had induced the plaintiff to believe, that he intended to make honorable reparation for the injury committed and on that account had been permitted to repeat his visits, that such permission should not operate to diminish his claim to damages.”
Upon a careful review of this case, I do not find that any principle of law was violated upon the trial, and am of opinion, that the judgment should be affirmed with costs.

Judgment reversed

Cited in Coil v. Wallace, 4 Zab. 315.