## BROWNELL vs. McEwen.

The plaintiff, in an action for seducing his daughter and servant, cannot give evidence that the defendant made her a promise of marriage.

But he may prove, in showing the circumstances under which the seduction took place, that the defendant addressed her with honorable proposals.

The affidavits of jurors cannot be received to show that the deponents in agreeing to the amount of the verdict, took into consideration a cause of action, in addition to that for which the suit was brought, e. g. damages for a breach of promise of marriage in an action by a father, for seduction.

But if the jury collectively had agreed to give damages for such a cause, it seems that the fact might be proved by individual jurors. *Semble.* Per WHITTLESEY, J.

Motion to set aside an inquisition. The action was case for seducing the plaintiff's daughter. The defendant suffered a default, and the damages were assessed by virtue of a writ of inquiry, executed before the sheriff of Fulton county, on the 13th day of December, 1844, at the sum of $1000.

D. McMartin, for the defendant, read sundry affidavits showing that evidence of a promise of marriage by the defendant to the plaintiff's daughter, had been given to the jury, against an objection by the defendant's counsel which had been overruled by the sheriff. Affidavits of several of the jurors were also produced, in which they swore that they were influenced in giving so large a verdict, by the fact that there had been a promise of marriage, which they supposed would be adjusted in this suit.

M. T. Reynolds, for the plaintiff, read affidavits contradicting and explaining the statements in those read on behalf of the defendant; and also the affidavits of several of the jurors stating that they were not influenced in respect to their verdict, in any degree, by the consideration of a promise of marriage having been made

McMartin insisted that it was not competent for the plaintiff to show that there had been a promise of marriage. (*Fos-*

*ter* v. *Scoffield,* 1 *John.* 299; *Clark* v. *Fitch,* 2 *Wend.* 461·
2 *Phil. Ev.* 217.) As to the affidavits of the jurors, he said
they imputed no impropriety to the jury, and where that was
the case they might be read. (*Sargent* v. ———, 5 *Cowen,*
106, 121; 4 *Barn. & Ad.* 681; 1 *Grah. Pr.* 682.)

*Reynolds* admitted that proof of a promise of marriage could
not be given in this action, but he said that the circumstances
of the seduction could be gone into, and that was all that had
been done in this case.

*By the Court,* WHITTLESEY, J. To succeed in this appli-
cation the defendant must show affirmatively that there was
improper evidence submitted to the jury on the part of the plain-
tiff, which was objected to by the defendant. Upon comparing
all the affidavits I have come to the conclusion that the only
interrogatory put by the plaintiff's counsel in regard to this
point was whether the defendant had said any thing to the
witness, who was the female who had been seduced, on the
subject of marriage, before October when the intercourse com-
menced. This was objected to, but before the objection was
disposed of, the witness answered, Yes. The defendant's coun-
sel then took up the inquiry on a cross-examination to ascertain
what was said about a promise of marriage, and then drew out
all that was sworn to on that subject; which, perhaps, does not
amount to a promise of marriage.

It is true that it is inadmissible to prove that the defendant
made the daughter a promise of marriage, with a view to en-
hance the damages in this action. (*Foster* v. *Scoffield,* 1 *John.
R.* 297; *Clark* v. *Fitch,* 2 *Wend.* 459; *Tullidge* v. *Wade,* 3
*Wils. R.* 18.) It is, however, competent to show that the de-
fendant paid the daughter such attentions as are usual when
the addresses are of an honorable character; (*Clark* v. *Fitch,
supra; Elliot* v. *Nicklin,* 5 *Price,* 641;) and it is usual to
give such evidence to show the character of the affair, and that
she did not readily yield to the arts of the seducer. All these
are proper circumstances to show, in an action in which dama-

Brownell *v.* McEwen.

ges are given as a reparation to the injured honor and injured feelings of the father, rather than for the mere technical loss of the daughter's services. The inquiry therefore which was actually put, asking if the defendant said any thing on the subject of marriage previous to the seduction, may amount only to an inquiry whether he made honorable proposals. And when the answer is limited simply to a naked affirmative or negative, the evidence does not seem to be objectionable. An affirmative answer gives the jury no information of what was said about marriage; and if the defendant chooses on a cross-examination to inquire further into it, supposing he may be able to repel the inference of an actual promise of marriage, he must stand by the results of such an experiment.

Some of the jurors make affidavits that they agreed to the verdict rendered, on the supposition and under the impression that it would settle the whole matter, the seduction, breach of promise, and all other suits growing out of the seduction. Others of them swear that their consent to the verdict was not influenced by any such consideration, and that they did not take into account any promise of marriage, or have any reference to it in making up their verdict. I think it is going too far to admit an affidavit of an individual juror shewing what circumstances operated upon his mind to assent to the verdict which he joined in rendering. It would be a dangerous precedent, and is not, I think, warranted by any of the cases on the subject. If it was discussed in the jury room among themselves, and agreed among them after such discussion, that damages for the breach of promise of marriage were to be included in their verdict, that would be a recognized fact upon which all the jury acted, and it might be competent for any one of them to make affidavit of it. But to allow each juror to disclose what influence weighed upon his own mind in making up his verdict, cannot be tolerated. (*The People* v. *Columbia C. P.* 1 *Wend.* 297; *Ex parte Caykendoll*, 6 *Cowen*, 53; *Sargent* v. ———, 5 *id.* 121.) The motion must be denied.

Motion denied.