MADISON GENERAL TERM, May, 1850.  *Shankland, H. Gray, and Mason*, Justices.

### MARYETTE WELLS *vs*. ROBERT PADGETT.

In an action by a female, for a breach of promise of marriage, it is not necessary, for the purpose of making out the mutual promises which are requisite to support the action, to prove that the plaintiff, by words, consented to accept the defendant.

The jury may infer such consent from the circumstances.

Where, in an action by a female for a breach of a marriage contract, it appears that the defendant's promise to marry the plaintiff was made with a view to seduce her, and then abandon her, and that the defendant, by means of such promise, has seduced the plaintiff, the seduction will be regarded as an aggravation of the broken promise, and as authorizing the jury to give an increased verdict.

THIS action was brought to recover damages for the breach of a marriage contract.  The cause was tried at the Chenango circuit, in February, 1850, before H. GRAY, justice.  The plaintiff proved an admission by the defendant that he had promised to marry her, and a promise made to a third person that he would marry the plaintiff.  It appeared that the plaintiff had given birth to a child, of which the defendant admitted himself to be the father.  The counsel for the plaintiff insisted, before the jury, that the seduction of the plaintiff by the defendant was in aggravation of the damages, and that the jury must so consider it; and that they should give the plaintiff enough, over and above what they otherwise would award, to pay for her expenses in bringing up the child.  The judge charged the jury, among other things, that if they believed the defendant seduced the plaintiff, and that the seduction was effected under promise of marriage, they would consider it in aggravation of damages.  The defendant excepted to the charge.  The jury found a verdict for the plaintiff for $650; and the defendant, upon a case, moved for a new trial.

*Henry R. Mygatt*, for the plaintiff.

*Horace Packer*, for the defendant.

*By the Court,* MASON, J.   In an action by a lady for a breach of promise of marriage, it is not necessary for the purpose of making out the mutual promises, which are requisite to support the action, to prove that the plaintiff, by words, consented to accept the defendant.   The jury may infer such consent from the circumstances of her making no objections at the time, and from her receiving visits from the defendant as suitor, &c.   It would be indelicate to expect that she should consent in words. No doubt the jury must be satisfied that there were mutual promises.   The jury have so found in this case, and I am of opinion that there is evidence from which they may be inferred. (*Daniel* v. *Bowles,* 2 *Carr. & Payne,* 553.   12 *Eng. Com. Law,* 258.   12 *Petersd. Abr.* 577.)

The only remaining question in this case, deserving consideration, is the exception to the judge's charge.   He charged the jury that if they found, from the evidence, that the defendant's promise to marry the plaintiff was made with a view to seduce her, and then abandon her, and that the defendant by means of the engagement to marry her, had seduced her, the seduction, under such circumstances, would be in aggravation of the broken promise ; and that the jury would be at liberty, on that account, to give an increased verdict.   But if the defendant had seduced the plaintiff before the promise to marry, then the seduction would lessen the plaintiff's claim to damages, and render it a mere nominal amount.   I am satisfied, after a careful examination, that the question raised by the judge's charge has not been settled by the courts of this state.   There is at least no reported case that I have been able to find, determining the question.   I find that the question, however, has been passed upon by several of the state courts of the union.   Chief Justice Parsons said in the case of *Paul* v. *Frazier,* (3 *Mass. Rep.* 73,) that "as the law stands damages are recoverable for a breach of marriage promise, and if seduction has been practiced under color of that promise, the jury will undoubtedly consider it as an aggravation of the damages."   It has been expressly adjudged in Mississippi that in an action for a breach of a marriage contract, seduction may be given in evidence to aggravate the

Wells *v.* Padgett.

damages. ( *Green* v. *Spencer*, 3 *Miss. Rep.* 318.   *Hill* v. *Maupin*, *Id.* 323.)   The same doctrine has been held in Tennessee. (2 *Overton's Rep.* 233.)   The supreme court of Kentucky held the same doctrine in the case of *Buck* v. *Strain*, (2 *Bibb's Rep.* 341 ;) and the supreme court of Indiana adjudged the same in the case of *Whalen* v. *Layman*, (2 *Blackf. Rep.* 194.)   I know that a different doctrine has been advanced in Pennsylvania. (*See the case of Weaver* v. *Bachert*, 2 *Barr's R.* 80.)   On the contrary, it is said in 7 *Amer. Com. Law*, 20, that if seduction has been practiced under a color of promise of marriage, the jury will consider it as an aggravation of damages; citing the cases of *Paul* v. *Frazier*, (3 *Mass. R.* 73,) and *Coun* v. *Wilson*, (2 *Over. R.* 233.)

The question not having been settled by the courts of this state, it becomes necessary for us to consider it.   There are two objections raised to allowing the seduction to aggravate the damages in an action for a breach of promise of marriage.   The first is, it is said the parties are *in pari delicto ;* and the second is, that the action for seduction is given to the parent, or to him who stands *in loco parentis.*   The first objection, in my opinion, is not sound.   In the first place, the female and her seducer do not stand upon equal grounds.   She is the weaker party and the victim of his acts, and the seduction has been practiced upon her under the false color of a promise of marriage, which he never intended to perform.   They are not equally guilty. Lord Mansfield said in the case of *Morton* v. *Fenn*, (3 *Doug. R.* 211 ; 26 *Eng. Com. Law*, 81,) which was an action for a breach of promise of marriage, wherein it appeared that the defendant, a man of fortune, aged seventy, promised to marry the plaintiff, a lady of fifty then, if she would go to bed with him that night, and which she did, that the action should be sustained because the parties were not *in pari delicto*, but that it was a cheat on the part of the man, if he did not intend to fulfill.   Where seduction is accomplished through a promise of marriage, which the seducer never intends to perform, it is a fraud on his part, and I can not but think that it is an abuse of language to say that the parties are *in pari delicto.*   And

the objection that the parent, or he who stands *in loco parentis*, has his action for the seduction, is equally untenable.   The loss of service is the gist of the action, when brought by the parent. It is true that the loss of service may be well said to be almost a fiction in this action, when it is made the foundation of damages; for the real substance of the action is the debauching the child and depriving the parent of her society, and the consequent dishonor and distress which it brings to the parent and family.   The child's loss of character, and dishonor and anguish, and distress of mind, do not constitute the basis of the parent's claim for damages.   (2 *Phil. Ev.* 218.   5 *Denio,* 367.   2 *Barb. Sup. C. R.* 182.   2 *Leigh's N. P.* 1464.)

The action for breach of marriage promise is given to afford an indemnity to the misused party for the temporal loss which the party has sustained in not having the contract fulfilled; and this has always been held to embrace the injury to the feelings and affections, wounded pride, and the loss of marriage. Now it seems to me that all of these things are greatly aggravated, where seduction has been accomplished under the false color of a marriage promise, and that here is a proper field of damages in this action, which is untouched by the parent's action for seduction.   Paley says, "*the injury resulting from seduction is three fold, to the woman, to her family, and to the public.*"   Again, he says, "the injury to the woman is made up of the pain she suffers from shame, or the loss she sustains in her reputation and prospects of marriage, and of the depravation of her moral principle."   It seems to me that here is a broad field for assessing damages, which the parent's action for seduction does not reach, and which the law will allow the jury to occupy in assessing damages where the seduction has been accomplished through a fraudulent promise of marriage.

But it is said that the law is settled in this state, that in an action for seduction, by the parent, evidence that the defendant had promised to marry the daughter was inadmissible to enhance the damages, and that the converse should be equally good.   It is true, that in an action for seduction, by the parent, he is not allowed to prove the defendant's promise to marry his

daughter, and thereby make such promise the basis of increasing the damages. (*Brownell* v. *McEwen*, 5 *Denio*, 367. 1 *John.* 297.- 2 *Wend.* 459.) There is a good reason for this. The parent is not a party to the contract which he seeks to make the basis of damages, and there is a party to it who has a right to claim all damages which have resulted from a breach of it; and consequently the law will not permit the parent to recover damages on account of the contract of marriage. The case is very different, however, when the female brings her action upon the contract. She ought to recover all damages which she has sustained in consequence of a breach of it; and where the fraudulent promise of marriage is made for the deceptive purpose of accomplishing the seduction, it seems to me that the seduction itself may very well be regarded as a breach of the promise in all cases followed by abandonment and a refusal to marry. This was the very case put to the jury by the judge, and I am inclined to think that his charge was right, and that a new trial should therefore be denied. The weight of authority in this country is most certainly in favor of the charge, and I think it may be defended upon principle.

There is nothing in the other point raised by the counsel for the defendant, and a new trial must therefore be denied with costs.