Haynes *v*. Sinclair.

—➤➤⊙◉◑◄◄—

## JACOB HAYNES *v.* FRANKLIN J. SINCLAIR.

### *Seduction. Evidence.*

In an action for seduction of the plaintiff's daughter, the plaintiff cannot, in the opening of his case, give evidence of a promise of marriage, made by the defendant to the daughter.

And if such evidence were properly received, it is error for the county court to instruct the jury, that it has a tendency to prove the fact of seduction.

Neither can the plaintiff give evidence of the general good character of his daughter, and of himself and his family, in the absence of any impeaching testimony on the part of the defence.

Neither can the plaintiff give evidence of the probable expense of supporting the illegitemate child, of which his daughter had been delivered.

TRESPASS for the seduction of the plaintiff's daughter. Plea, the general issue, and trial by jury, March Term, 1849,—BENNETT. J., presiding.

On trial, the plaintiff, having given evidence tending to prove, that his daughter was seduced by the defendant, in 1846 while the defendant was boarding in the plaintiff's family, and that she was delivered of a child in March, 1847, of which the defendant was the

father, and the consequent expenses and loss of service, offered evidence tending to prove a promise of marriage, made by the defendant to the plaintiff's daughter in 1846, and also evidence tending to prove, that the plaintiff's daughter sustained a good character, previous to the result of her connection with the defendant being known, and that the moral character and reputation in society of the plaintiff and all the members of his family was good, and also evidence tending to prove the probable expense of supporting the illegitemate child, of which his daughter had been delivered,—all which was objected to by the defendant, but admitted by the court. It appeared, that the plaintiff's daughter was twenty one years of age the twelfth day of August, 1847. The defendant introduced no testimony; and there was no evidence tending to impeach the character of the plaintiff's daughter, either for chastity, or in any other particular.

The defendant insisted, that, upon this evidence, the action of trespass could not be maintained; that the loss of reputation of the the plaintiff's daughter could not be taken into the account, in estimating the damages, nor the injury to the reputation of the father,— as it was not alleged in the declaration: that the loss of service of the daughter, after she was of full age, was not a proper subject matter of damages; and that the promise of marriage by the defendant should have no influence in the assessment of damages.

But the court charged the jury, that the gist of this action is the loss of service of the daughter by the plaintiff; but that in this case the plaintiff's claim for damages for the loss of service could be but nominal, the daughter being of age; and that, so far as it respects the right of the father to maintain the action, it was of no importance, provided the relation of master and servant existed in point of fact, whether the daughter was of age, or not.

In regard to the damages, the court instructed the jury, that in this case the plaintiff, at all events, should recover merely for the loss of service, but a nominal sum; but that, if he recovered at all, he should recover all the expenses, to which he had necessarily been subjected in maintaining and taking care of the daughter during the time of her lying in sickness, and also for such expenses in maintaining her in sickness previous to the birth of her child, as he necessarily incurred, provided they should find, that such sickness was occasioned by the seduction by the defendant.

Haynes *v.* Sinclair.

In regard to the promise of marriage, the jury were told, that it was competent evidence to be submitted to them in this action, but that they could not give damage for the breach of such contract; and that the daughter alone had the right to bring an action for the breach of such promise; and that, if such damages were allowed in this action, it would not bar the daughter's right to sue and recover for a breach of promise of marriage; but that such evidence might be competent for the jury to take into account in determining the plaintiff's right to recover, as tending to prove an intimacy between the parties, and an influence which the defendant might have acquired over the daughter by such means, and thereby render a seduction more probable, than it might be under other circumstances; but that probably in this case the jury would not have reason to resort to such a circumstance, on the question whether the action is maintained; but that on the question of damages it was proper for them to consider it, as tending in some measure to give character to the wrongful act of the defendant, and show it more reprehensible and wanton, than it might have been, if no such confidence had been acquired; and that, in actions where a jury can give exemplary damages, as in this case, the jury may take into account the wantonness of the act of which complaint is made.

The jury were also told, that they might, on the question of damages, take into account the good character of the daughter, in regard to chastity, previous to the seduction, since they were authorized to give damages for the mortification and wounded feelings of the plaintiff, occasioned by the seduction, which it might well be supposed would be greater, than if the daughter was of bad character. The jury were told, that, in actions like the present, there could be no certain rule of damages, but that every case must stand upon its own peculiar circumstances; and that they must take the case, and do as they would be done by unto under like circumstances.

Verdict for plaintiff. Exceptions by defendant.

*A. Peck* and *L. Underwood* for defendant.

I. The court erred, in admitting evidence of a promise of marriage by the defendant to the plaintiff's daughter.

1. The promise of marriage is a ground for a distinct action at the suit of the daughter; and it is a fundamental principle, that that, which is evidence of another and distinct cause of action, is not admissible.

2. In this action such evidence is not pertinent, to establish any point material for the plaintiff to establish. It is not evidence tending to prove the fact of seduction by the defendant, as illicit intercourse is neither the necessary, justifiable, or even probable result of a promise of marriage. Nor is it evidence in aggravation of damages,—as one cause of action cannot be used as evidence in aggravation of damages in another suit for a different cause of action. If permitted, the defendant is made twice answerable for the same damages. *Dodd* v. *Norris*, 3 Camp. 519. *Elliott* v. *Nicklin*, 5 Price 443. *Gillett* v. *Mead*, 7 Wend. 193. *Foster* v. *Schofield*, 1 Johns. 299. *Tullige* v. *Wade*, 3 Wils. 18. The true principle is this :—Such evidence is not admitted in chief for the plaintiff; but when the deportment of the daughter is relied on in the defence, as being calculated to induce the act complained of, or the conduct of the plaintiff, in suffering what might be an apparent impropriety, the defendant's promise of marriage may sometimes be proved, in vindication or explanation of such conduct,—but even then can be used for no other purpose, than to repel such defence.

II. If the evidence were admissible, the court made an improper use of it in the charge,—1. As evidence to establish the act of seduction, or in determining the plaintiff's right to recover ;—2. By giving it effect as evidence in chief, or in aggravation of damages ;— 3. In not requiring the jury to find, that the promise was made before the seduction.

III. The evidence in relation to the expenses of lying in, &c., and of taking care of and bringing up the child should have been excluded. 5 Cow. 106.

IV. The evidence in relation to the good character of the daughter should have been excluded,—as no attempt was made to impeach her. *Bamfield* v. *Massey*, 1 Camp. 460. *Dodd* v. *Norris*, 3 Ib. 519.

*L. E. Chittenden* for plaintiff.

The evidence of the promise of marriage was not introduced for any other purpose, than that of determining the character of defendant's act. And the jury were expressly told, that this was the only point, to which it was material on the question of damages. 1 Greenl. Ev. 475. *Elliott* v. *Nicklin*, 5. Price 646. *Tullidge* v. *Wade*, 3 Wils. 18. 2 Stark. Ev. 722.

Evidence of the good character of the daughter was clearly admissible. 1 Greenl. Ev., 579. 5 Price 641. 3 Wils. 18. 3 Steph. N. P. 2356. The damages are given, not only for the loss of services, but for all the parent can feel from the nature of the injury. The character of the seduced is directly involved in the issue. 1 Greenl. Ev. 577. *Bamfield* v. *Massey*, 1 Camp. 460. *Dodd* v. *Norris*, 3 Ib. 519. *Bate* v. *Hill*, 1 C. & P. 100.

The opinion of the court was delivered by

KELLOGG, J. Upon the trial several exceptions were taken to rulings of the county court, which have been argued in this court.

1. It is insisted in argument, that the court erred in receiving evidence of a promise of marriage, made by the defendant to the plaintiff's daughter. This evidence, though objected to, was admitted by the court upon the opening of the plaintiff's case. In relation to the admission of this evidence, the authorities are somewhat conflicting. The ground of objection seems to be, that it is the introduction of distinct and independent matter, which is cause for a separate suit in favor of the daughter, and that the reception of such evidence would be of dangerous tendency. It is said by Mr. Greenleaf, in his treatise upon evidence, that the plaintiff may give evidence of the terms on which the defendant visited his house, and that he was paying his addresses to the daughter upon the *promise* or with the intentions of marriage;" and he cites in support of the proposition *Elliott* v. *Nicklin*, 5 Price 641, and *Tullage* v. *Wade*, 3 Wils. 18. These cases, however, we think, hardly support the doctrine laid down in the text. While in *Dodd* v. *Norris*, 3 Camp. 519, and *Legg* v. *Robinson*, 7 Wend. 193, and in *Foster* v. *Scofield*, 1 Johns. 299 it was held, that evidence of a promise of marriage was inadmissible, though the judge instructed the jury not to consider the damages arising from the breach of the promise of marriage,—and that, where such evidence is received, the verdict will be set aside. The utmost extent, to which the inquiry was allowed in *Dodd* v. *Norris*, was, whether the defendant paid his addresses in an honorable way. And this was permitted for the purpose of accounting for and explaining certain indelicacy and levity of conduct, imputed to her by the defence. I think the weight of authority is against the admission of evidence of a promise of marriage in this action.

But admitting this evidence to have been properly received, we think the county court erred in instructing the jury, that it had a tendency to *prove the fact of seduction.* We are unable to perceive, that it had any tendency to prove the issue; but if it had, it was quite too remote, to justify its reception for such purpose. No authorities are produced to sustain the position assumed by the court below in this respect, and we think none are to be found, that go to that extent. Indeed, it was conceded in argument, that it had no direct tendency to prove the seduction; but it was said, that as there was other evidence sufficient to establish the fact, the case ought not to be opened. This, however, is entirely unsatisfactory; for *non constat,* that the jury would have found the issue for the plaintiff, independent of the promise to marry.

It is farther objected, that the court erred in admitting evidence of the general character and standing of the plaintiff and his family; and it seems to us that this objection is well founded. It does not appear, that the defendant gave any evidence to impeach the character of the daughter, or that of the plaintiff and his family; and in the absence of such proof, we are not aware of any rule of law, that would justify the introduction of the evidence objected to. It is said, that the character of the daughter for chastity is involved in the issue and therefore may be supported by general evidence; but this, we apprehend, is only allowable, where her character is impeached by the defence. Until this is done, she must rely upon that general good character, which the law presumes every one to possess until it is impeached. In the action for slander, the plaintiff's character is involved in the issue; and yet he is never allowed to give evidence of his general good character, until it is impeached by the defendant's testimony.

It appears, that evidence was given to the jury, though objected to, of the probable expense of supporting the illegitimate child. This evidence was improperly admitted. If the plaintiff should recover for this item, he could not be compelled to apply it to the support of the child; nor would the recovery by the plaintiff exonerate the defendant from the support of the child, if called upon. 5 Cow. 106.

For these reasons the judgment of the county court must be reversed.