## SALLY A. HOTCHKINS *vs.* WILLIAM HODGE.

In an action by a female to recover damages for a breach of a contract to marry, the judge allowed the plaintiff, after she had testified, without objection, to the defendant's promise that she should not be any the worse for him, nor come to any disgrace by him, and if she did he would marry her, to testify that she was pregnant by the defendant, at the time he abandoned her. *Held* that the evidence was properly received.

A wrong done to the female, such as sexual intercourse with her, by her alleged suitor, will not make a promise to marry, founded thereon or arising therefrom, invalid or inoperative. Such a promise is not liable to the objection that it encourages immorality.

It is too late, after the frequent adjudications in our own state and elsewhere, to consider the question whether long bestowed and particular attentions, having apparently an honorable object, furnish sufficient evidence from which the jury may *imply* a promise of marriage.

It is not indispensable that a promise to marry should be *express.* It may be

*implied.* from circumstances; and it may rest partly on both; that is, on express words, and on conduct and acts reasonably leading to the same conclusion.

When a case comes before the court upon *exceptions* ordered to be heard in the first instance at the general term, no question of *fact* can be discussed; nor the point that the decision of the jury is against the weight of evidence.

A defendant requested the court to charge in a particular manner. This was refused, on the ground that the previous charge covered the whole ground occupied by the evidence. To this refusal the party excepted, but without excepting or objecting to the remark of the judge that the matter had been already charged upon, and without asking that the question of fact whether such charge had been made covering the whole case embraced by the evidence, should be submitted to the jury. *Held* that the proper exception not having been taken, the defendant was remediless.

MOTION for a new trial upon exceptions. The action was brought to recover damages for an alleged breach of a contract to marry. The defense was a general denial. The cause was tried before Justice GOULD, at the Sullivan circuit, on the 19th day of September, 1861. Evidence was introduced on the part of the plaintiff, tending to show considerable intimacy between the parties, and particular attentions, at intervals of two or three weeks, for a considerable period of time. The plaintiff also testified (without objection) that the defendant said, "I (plaintiff) should not be any the worse for him; that I should not come to any disgrace by him, and if I did he would marry me; he said I need not borrow any trouble; I should be none the worse for him; he would protect me. He never said a great deal about loving or being attached to me; he gave no reason for not marrying me. He said he did not want a wife then — he had no place to put her." The counsel for the plaintiff then put the following question to her, as a witness: "What was your condition at the time he abandoned you, resulting from your intimacy with the plaintiff?" (defendant.) The defendant objected to the question, on the following grounds: 1st. It is immaterial and irrelevant. 2d. It is illegal and improper to show that the plaintiff was pregnant with child by the defendant; that being no legitimate ground for en-

hancing the damages in this case. The court overruled the objection and permitted the witness to answer, on the ground that it was part of the *res gestœ,* and a circumstance tending to show the defendant's meaning, and also as giving binding effect to his conditional promise. The defendant excepted to this decision. The witness answered, "I was pregnant with the defendant." Further evidence was given on the part of the plaintiff, tending to show an implied and an express promise by the defendant to marry the plaintiff, and a breach thereof. The plaintiff having rested, the defendant moved for a nonsuit upon the following grounds: 1. The evidence fails to show a valid contract to marry, between the parties. 2. The evidence shows that no valid contract to marry was made between the parties to this action. The court denied the motion, and the defendant excepted. The defendant- having given evidence tending to rebut the evidence given by the plaintiff, the court charged the jury as follows: 1. That an agreement to marry may be partly in words expressed, and partly supplied by circumstances. To which the defendant excepted. 2. That the promise to marry might be good and valid, and depend partly on words and partly on acts from which it might be inferred. To which the defendant excepted. 3. That if the jury found that the defendant, after the fault committed, and in view of the danger already incurred from his visits, promised her, if such exposure did occur, and she was brought to shame by their previous acts, that he would marry her, such contract was one the law would enforce. To which the defendant excepted. 4. The defendant asked the court to charge that a promise by the defendant to marry, in the event the plaintiff should be disgraced by the defendant, is void. The court refused, on the ground that the previous charge covered all that the evidence called for, on that point. The defendant excepted to such refusal. 5. The defendant asked the court to charge that to constitute a valid contract to marry, in the future, the contract must be express. The court refused, and

the defendant excepted to the refusal.   6. The defendant asked the court to charge that to constitute a valid contract of marriage, each of the parties should expressly obligate themselves to the other to marry.   The court refused, and the defendant excepted to the refusal.

The jury rendered a verdict for the plaintiff, of $400.

*A. C. Niven*, for the plaintiff.

*A. J. Bush*, for the defendant.

*By the Court*, HOGEBOOM, J.   The circuit judge allowed the plaintiff to testify that she was pregnant by the defendant at the time he abandoned her.   This evidence was objected to as immaterial and irrelevant, and also as illegal and improper, for the reason that pregnancy furnished no legitimate reason for enhancing the damages.   I think the evidence was properly received.   The plaintiff had already testified, without objection, to the defendant's promise that she should not be any the worse for him, nor come to any disgrace by him, and if she did he would marry her.   To give effect to this promise, (assuming, for the present, its legal validity,) it was necessary, or at all events proper, that she should be permitted to prove that she had come, or was about to come, to disgrace or shame; and this was *one* mode of proving it.   I think it was also proper as tending to give point and meaning to the defendant's declaration or promise that she should not come to any disgrace by him.   The objections are scarcely specific enough to cover the point that a promise thus made had no legal validity; but if they were thus specific, I am of opinion that a promise of marriage, made *after* seduction has been effected, and *in consequence thereof*, is not thereby rendered *invalid*.   It is not liable to the objection that it encourages immorality; because the wrong has been *already* perpetrated.   And I am not aware that *any* wrong or injustice actually done to a female, which

Hotchkins *v.* Hodge.

it is the duty of the wrongdoer to repair to the extent of his ability, furnishes any legal or sufficient reason for refusing to give effect to a promise of marriage, which, under the circumstances, is the best and most honorable reparation the offender can make for his misconduct. The testimony is susceptible of the construction that the promise was made after the immoral indulgence had taken place; and perhaps that is the most natural and reasonable interpretation to be put upon the testimony. It therefore avoids the objection that it tends to encourage vice and immorality. On the contrary, it leads to the conclusion that the seducer was thus willing to make his victim the only recompense which the circumstances admitted, tardy and imperfect though it might be.

The motion for a nonsuit was properly denied. It is too late, after the frequent adjudications in our own state and elsewhere, to consider the question whether long bestowed and particular attentions having apparently an honorable object, furnish sufficient evidence from which the jury may *imply* a promise of marriage. (*Southard* v. *Rexford,* 6 *Cowen,* 254. *Wells* v. *Padgett,* 8 *Barb.* 323. *Hubbard* v. *Bonesteel,* 16 *id.* 360. *Willard* v. *Stone,* 7 *Cowen,* 22. *Hutton* v. *Munsell,* 3 *Salk.* 16. 1 *Parsons on Cont.* 545.) But there was also evidence sufficient for the consideration of the jury of an *express* promise. And the *breach* of the promise, if made, was abundantly proved.

The only remaining questions arise upon the charge of the court, and its refusal to charge; for as this case comes up here upon *exceptions,* ordered to be heard in the first instance at the general term, no question of *fact* can be discussed, nor the decision of the jury as being against the weight of evidence. (*Code,* § 265. *Fry* v. *Bennett,* 16 *How.* 385. *Morange* v. *Morris,* 20 *id.* 257. *Taylor* v. *Harlow,* 11 *id.* 285.)

As to the exceptions taken to the first and second clauses of the charge, and the second and third refusals to charge, they are disposed of by the remarks already made. It is far from being *indispensable* that the promise to marry should

be *express*, in order to be valid. It is equally clear that it may be *implied* from circumstances. I see no reason to doubt that it may rest partly on both; that is, on *express* words and on *conduct and acts* reasonably leading to the same conclusion. It is to be gathered from the whole conduct and conversation of the parties; and to limit it to what took place at one particular time, and to one particular class of evidence, would be doing violence to the intentions of the parties, and to the known and accustomed course of proceeding in like cases. These four exceptions must therefore fail.

The third exception to the charge is also unavailable. Its proper disposition is controlled by what has been already said in disposing of the exception to evidence. A wrong done to the female, such as sexual intercourse with her, by her alleged suitor, cannot make a promise to marry, founded thereon or arising therefrom, invalid and inoperative. The *motive* for the promise is a *laudable* one, being founded on a willingness to repair an acknowledged wrong. It is not, in a just and legal sense, the *consideration* for the promise; for the proposition assumes that the wrong was already done before the promise was made, and not in anticipation of, or with a view to it. Indeed, in a strict sense, the only sufficient *consideration* for a promise of marriage—at least an absolutely indispensable ingredient in it—is a reciprocal promise to marry, by the promisee to the promisor. If this clause of the charge is therefore to be understood, as I think it is, as simply enunciating the proposition that a promise to marry in the event that shame or exposure should occur from the consequences of sexual intercourse, is valid, provided such sexual intercourse has already occurred, anterior to the promise, and in anticipation of the results likely to flow from it, then I think the proposition is sound in point of law, and the charge correct.

The only remaining exception relates to the defendant's request to charge, " that a promise by a defendant to marry in the event that the plaintiff should be disgraced by the de-

Hotchkins *v.* Hodge.

fendant, is void." This was refused, on the ground that the previous charge covered the whole ground occupied by the evidence. To this refusal the defendant excepted; but he did not except or object to the remark of the judge, that the matter in regard to which a charge was asked for, had been already charged upon, so far as it was covered by any evidence in the case. Nor did the defendant ask that this question of fact whether such charge had been in fact made, practically covering the whole case embraced by the evidence, should be submitted to the jury. And I think it may therefore well be said that the exception has not been taken, and the point is therefore untenable. (*Dows* v. *Rush*, 28 *Barb.* 179, 180, 181. *Bidwell* v. *Lament*, 17 *How. Pr. Rep.* 359, 360, 361.) I have already expressed the opinion that this view of the evidence, taken by the judge at the circuit, was not unwarranted by the case itself. The judge put himself solely on this ground; he did not refuse to charge that the defendant's proposition was correct in the abstract, but he charged that it was inapplicable to the case. As this last remark was in nowise impugned, nor any request made to submit the matter to the jury, the defendant is remediless.

The motion for a new trial should therefore be *denied.*

[ALBANY GENERAL TERM, September 1, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]