HELEN M. JENNETTE, RESPONDENT, *v.* JOHN A. SULLIVAN, APPELLANT.

*Breach of promise to marry — when sexual intercourse may be shown although not alleged — measure of damages.*

In an action brought to recover damages for a breach of promise to marry, the complaint alleged the promise and its breach, which the answer denied.

*Held,* that, upon the question whether such a promise was ever made, the plaintiff might prove sexual intercourse although it was not alleged in the complaint.

That the jury had a right to consider it upon the question of damages if they found that the sexual intercourse was caused by the promise.

APPEAL by the defendant John A. Sullivan from a judgment of the Supreme Court, entered in the office of the clerk of the county of Clinton on the 13th day of April, 1891, upon a verdict for the plaintiff for $1,500, after a trial at the Clinton Circuit before the court and a jury.

*Shedden & Booth,* for the appellant.

*Weeds, Smith & Conway,* for the respondent.

HERRICK, J. :

This is an action for breach of promise of marriage; the complaint merely alleges the promise and its breach, the answer is a denial; the jury at the trial found a verdict for the plaintiff in the sum of $1,500.

The only questions argued before us upon this appeal are in relation to the reception of evidence of sexual intercourse between the plaintiff and defendant, and the charge of the court that the jury had the right on the question of damages to take into consideration the seduction of the plaintiff, if they determined that the seduction was caused by the engagement of marriage, and also that the damages awarded by the jury were excessive. The grounds of objection to the evidence of sexual intercourse were that it was immaterial, and that there was no allegation in the complaint of illicit intercourse or seduction.

It was denied by the defendant in his answer, and also when upon the stand as a witness, that he ever promised to marry the plaintiff, or that there was ever any engagement of marriage between them. The question as to whether there was any such engagement was sharply litigated upon the trial.

It needs no citation of authorities to show that where the promise of marriage is denied, that it may be found by circumstances, by attentions bestowed, the nature and description of those attentions, the intimacy between the parties, their relation with and behavior to each other. As a part of the history of the relations between the plaintiff and defendant, and where an express promise to marry is denied by the defendant, it seems to us competent to prove sexual intercourse and resulting motherhood of the plaintiff, although not alleged in the complaint, and that the jury have a right to consider

such evidence on the question of damages. ( *Wells* v. *Padgett,* 8 Barb., 323; *Hotchkins* v. *Hodge,* 38 Barb., 117; *Kniffen* v. *McConnell,* 30 N. Y., 285.)

The damages awarded by the jury do not seem to be excessive for a cause of action such as this, and the judgment should not be disturbed because of their amount.

Let the judgment be affirmed, with costs and printing disbursements to the respondent.

MAYHAM, P. J., concurred; PUTNAM, J., not acting.

Judgment affirmed, with costs and printing disbursements.