E. A. PARKER, RESPONDENT, *v.* D. B. MONTEITH, APPELLANT.

COMPLAINT—ALLEGATION, SUFFICIENCY OF.—Where the complaint in an action for seduction alleges "that one F. P., the daughter of the plaintiff, was, etc.," it sufficiently avers that F. P. is the daughter of the plaintiff.

SEDUCTION—GOOD CHARACTER, PROOF OF.—In such an action it is competent for the plaintiff to prove the good character of his own family and also the good character and standing of the defendant's family.

PROOF—FLIGHT OF DEFENDANT IN ACTION FOR SEDUCTION.—The plaintiff may also prove that the defendant, when charged with the seduction of his daughter, left his residence and was apprehended in a distant part of the state.

IDEM—PROMISE TO MARRY.—He may also prove that the defendant promised to marry his daughter, and by means of such promise succeeded in seducing her.

BILL OF EXCEPTIONS—TESTIMONY SHOWN BY.—When the bill of exceptions does not set forth all the testimony given on the trial, this court will not reverse a judgment where the instruction given to the jury would have been correct upon any state of the evidence which might have been properly before the court and jury.

APPEAL from Linn County. The facts are stated in the opinion of the court.

*John Burnett and R. S. Strahan,* for appellant:

The second and third assignments of error are based on the theory that the complaint is insufficient, in not alleging Flora Parker was the daughter of the plaintiff. This allegation is necessary and material, and it must be directly made—the fact pleaded in issuable form. (2 Greenl. Ev. sec. 571; 2 Estee's Pl. 101 and 104; 16 La. Ann. 180.)

Flora Parker's statements and declarations to Sarah Parker as to her feelings or the state of her health were not competent for any purpose. (*Bacon* v. *Inhabitants of Charlton,* 7 Cush. 586.) It was not competent to prove the general standing and reputation of the plaintiff or that of his family in society. It was also incompetent and improper for the court to permit the plaintiff to prove the standing of the defendant's family in the community. It was not competent to ask concerning defendant's general character. (1 Greenl. Ev. 54.) And it was also incompetent and im-

proper for the court to permit the plaintiff to prove by the witness Humphrey that he went after the defendant about that time to arrest him for the offense of seducing Flora Parker. (2 Black. Com. 386–7.)

The definition of seduction given by the court to the jury is not correct. It was not proper for the plaintiff to prove or for the jury to consider whether there was a promise of marriage made or not. None is alleged. If it was incompetent to prove it the court ought not to have commented on that phase of the case. (Hilliard on Rem. for Torts, 542, sec. 10; *Gillet* v. *Mead,* 7 Wend. 194.) If the instruction is not admissible on any state of the evidence, the giving of such instructions is error. (*Keating* v. *State,* 44 Ind. 449.) It is hardly necessary to cite the elementary rule that the evidence must correspond with the allegations and be confined to the issue. (1 Greenl. Ev. sec. 51.) And this is the rule of the statute as well. (Civ. Code, sec. 694.) But its application was entirely relaxed in this case, and the defendant sought to be made responsible for the standing not of himself, but that of his family, in the community. If such a rule as this is tolerated there can be no certainty in judicial proceedings whatever.

The complaint does not allege any damages caused by the acts of the defendant. This he must do in order to sustain a judgment for damages. (*Bohall* v. *Diller,* 41 Cal. 532; 4 N. Y. 504.) Admitting immaterial evidence is ground for a new trial. (See 9 Barb. 619; 10 B. Mon. 16; 21 Pick. 142; 19 Wend. 232.)

*Wm. Strong, W. G. Piper, J. K. Weatherford and J. M. Thompson,* for respondent:

The exceptions to evidence showing that Flora Parker was the daughter of plaintiff can not be of any force unless the court shall hold the complaint bad because it does not more directly aver that she was the daughter, etc. It may be defectively stated and still be deficient on demurrer, because the complaint does not state facts sufficient to constitute a cause of action. Complaint in this case describes her as the daughter of the plaintiff. The answer, in direct

terms, admits that she was the daughter of plaintiff by denying any knowledge or information sufficient to form a belief "as to whether one Flora Parker, the daughter of the plaintiff, was of the age of seventeen years at the time mentioned in the complaint." (Code, secs. 83, 104; 2 Greenl. on Ev. sec. 571; *Allen* v. *Patterson*, 3 Seldon, 476; *Mack* v. *City of Salem*, 6 Or. 278.) Where the mental or bodily feelings of an individual are material to be proved, the usual expression of such feelings made at the time in question, or of a sick person in relation to the malady with which he or she is afflicted, is original evidence. (1 Greenl. Ev. sec. 102; *State* v. *Howard*, 32 Vt. 380.)

The character and standing of plaintiff's and defendant's families in the community is competent evidence to show that the parent was justified in allowing that degree of intimacy which is tolerated between the sexes in good families, and is also competent for plaintiff to give such facts in evidence on questions of damages, and it certainly could not prejudice the defendant in this case. (*Wilson* v. *Sprowl*, 3 Pa. 49; *White* v. *Merton*, 7 Ill. 250; 2 Hilliard on Torts, 517.) Plaintiff entitled to compensation for the dishonor of his family. (21 Wend. 79; 2 Greenl. Ev. 251.)

The fact of defendant's flight when accused is a fact admissible as a circumstance to prove guilt. The rules of evidence are the same in civil and criminal cases in reference to admissions, acts or declarations of parties by conduct. (1 Greenl. Ev. secs. 65, 170.) An attempt to escape, if shown, lends a strong presumption of guilt; so with flight, to which no proper motive can be assigned. (Wharton's Crim. Law. sec. 714; 3 Phillips on Ev., notes 223, 225 and 285.)

There was no error in the instruction of the court below instructing the jury, defining seduction "a promise of marriage by defendant made to Flora Parker, or any influence exerted by him over her—such as gaining her affections or acquiring influence over her, or persuading her, which had a tendency to draw her from the path of virtue, would be sufficient, if followed by illicit intercourse, to constitute

seduction, if the jury believe she was thereby constrained to yield to his desires."

It matters not what promises or arts were used by the defendant if thereby Flora Parker was led astray and induced to surrender her virtue, and do what she would not otherwise have done, it is seduction. Continued attentions to a female for several months, followed by an improper intercourse, is sufficient evidence to warrant the inference of seduction, and in an action by a father for the seduction of his daughter, it is not necessary to prove that the defendant used any arts or false promises to accomplish his purposes; if the seduction has been accomplished, whether by deception or solicitation, the action may be maintained. (*State* v. *Groom,* 10 Iowa, 308; *Clark* v. *Fitch,* 2 Wend. 459.)

It is sufficient if defendant accomplished his purpose by a conditional promise of marriage. (26 N. Y. 203.) It is not necessary that the promise be valid or binding. (2 Hil. on Torts, p. 517, sec. 10.) It would have the effect to increase the damages if the defendant promised to marry, and by that means succeeded in debauching plaintiff's daughter. (21 Ind. 98; 13 Gratt. Va. 573.)

By the Court, KELLY, C: J.:

This was an action brought by respondent against the appellant for the seduction of his daughter. The complaint alleges substantially: "That at the time, hereafter mentioned, one Flora Parker, the daughter of the plaintiff, was of the age of seventeen years. That on or about the —— day of June, 1876, and at divers times since, in the county and state aforesaid, the said defendant, well knowing the said Flora Parker to be the daughter of the plaintiff, then and there wrongfully and unlawfully contriving and intending to injure, disgrace, and distress, and wound the feelings of the plaintiff and deprive him of her service and assistance, and of the society and comfort of his said daughter, and to dishonor the plaintiff and his family, did wickedly, willfully and maliciously, and without the privity or consent of the plaintiff, entice and persuade the said Flora Parker to have illicit intercourse with him, the said defendant, and

the said defendant did then and there debauch and criminally know her. That by reason of the premises the said Flora Parker became pregnant and sick with child, and has remained so for the period of about five months last past. That during that time she was unable to perform the duties of her service, and now is unable to perform such service, and plaintiff has been thereby deprived of the service of his said daughter; and was obliged and actually did expend large sums of money for medicines, and was put to a great amount of trouble and expense in her said pregnancy and sickness, and that he was otherwise and still is greatly injured to his damage in the sum of ten thousand dollars."

The answer contains a specific denial of all the material allegations in the complaint.

Before the answer was filed the defendant moved the court to require the plaintiff to make his complaint more specific by stating the amount of money he expended for medicine for his daughter; and how much trouble and expense he had been put to by reason of her alleged pregnancy. The court overruled the motion, and this ruling is now assigned as error by the appellant.

The plaintiff having failed to specify the amounts of money expended, by giving the items of the account, all the court could do in the premises was to preclude him from giving evidence thereof. (Civ. Code, sec. 82.)

As it does not appear from the bill of exceptions that any evidence was offered on the trial to prove the expenditure of any money for medicine, etc., no error was committed by the court.

The next two assignments will be considered together. They are as follows: That the court erred in permitting plaintiff's counsel to ask Flora Parker this question: "Are you the daughter of the plaintiff?" and in receiving her answer thereto that she was; that the court erred in permitting the plaintiff's counsel to ask him this question: "Is Flora Parker your daughter?" and in permitting him to answer the same that she was.

Both of these alleged errors are based on the theory that

the complaint is insufficient in this that it does not allege that Flora Parker was the daughter of the plaintiff.

We think the complaint sufficiently avers that Flora Parker is the daughter of the plaintiff. The allegation is: " That at the time hereinafter mentioned one Flora Parker, the daughter of the plaintiff, was," etc. This is in effect the same as if it stated "that Flora Parker, who is the daughter of plaintiff," etc. In the grammatical construction of the sentence these two words are understood, and their omission in the allegation is a mere ellipsis, which does not destroy its meaning or its effect. There was no error in either of these rulings by the court.

The next assignment is, that the court erred in permitting the counsel of plaintiff to ask Sarah Parker, the wife of plaintiff, this question: " What did Flora Parker tell you as to her feelings or the state of her health at the time?" and her reply that she had felt no motion. There is an allegation in the complaint that Flora Parker was then pregnant, and we think the question of the mother and the answer of her daughter as to her condition and state of health under the circumstances, were proper to go before the jury as original evidence. It comes within the rule laid down in *Aveson* v. *Lord Kinnaird*, 6 East, 188; 1 Greenl. Ev. sec 102.

The next two exceptions were taken to the rulings of the court in permitting a witness to give evidence as to the good character and standing of the families of both plaintiff and defendant in the community in which they lived.

We think the respondent had a right to show the good character of his own family, for the seduction of one member of it lessened the social standing of all; and the jury were justified in awarding them compensation for the destruction of his domestic peace as well as the disgrace cast upon his family. (*McAulay* v. *Birkhead*, 13 Iredell, 28; *Kendrick* v. *McCrary*, 11 Geo. 603.)

Nor do we consider that the court erred in permitting the witness to testify as to the good character and standing of appellant's family. It was competent for the respondent to show that while it was his duty to be watchful over the

morals of his daughter, he was nevertheless justified in permitting that degree of social intimacy between her and the appellant which is always allowable between the different sexes in good families, but which would not have been tolerated had he belonged to a family which was low or degraded.

The next assignment is that the court erred in permitting the respondent to ask the deputy sheriff this question: " State whether you went after the defendant to arrest him for the offense of seducing Flora Parker, and where you found him?" and in permitting the witness to answer that he "arrested him on the beach, between Umpqua and Empire City." The object of this testimony was to show that when the charge of seduction was preferred against the appellant he was making an effort to escape. In criminal cases the flight of the accused, to which no proper motive can be assigned, is considered as some evidence of his guilt; and we do not see why the same rule should not apply in civil actions, which are *quasi* criminal in their character.

The last assignment of error is that the court erred in charging the jury as follows: " A promise of marriage by the defendant, made to Flora Parker, or any influence exerted by him over her, such as gaining her affections or acquiring influence over her, or persuading her, which had a tendency to draw her from the path of virtue, would be sufficient, if followed by illicit intercourse, to constitute seduction, if the jury believe that she was thereby constrained to yield to his desire."

It does not appear by the bill of exceptions whether any evidence was offered or admitted to prove a promise of marriage made by the appellant to Flora Parker. The presumption is, however, that such evidence was received, otherwise the court would not have referred to it in the charge to the jury, and if so, was it properly admitted?

The courts of New York have decided that in an action by a father for the seduction of his daughter, evidence can not be given that the defendant made a promise of marriage to her, for if this were permitted, damages for a breach of

promise of marriage might be recovered in the action for seduction. (*Foster* v. *Scofield*, 1 Johns. 297; *Gillet* v. *Mead*, 7 Wend. 193.)

Although in that state it is competent to show that the defendant paid the daughter such attentions as are usual when the addresses are of an honorable character. (*Brownwell* v. *McEwen*, 5 Denio, 367.)

In Pennsylvania, Virginia and Indiana, the courts have decided differently, and in those states it is held that in an action by a father for the seduction of his daughter he may prove that the defendant promised to marry the daughter, and by that means succeeded in debauching her. The father, however, is not entitled to recover in such action any part of the damages which belong to the daughter by reason of the breach of the contract of marriage. (*Phelin* v. *Kenderdine*, 20 Pa. St. 354; *White* v. *Campbell*, 13 Gratt. 572; *Lee* v *Hefley*, 21 Ind. 49.)

It seems to be now settled in this country that such evidence is admissible. (2 Greenl. Ev., sec. 579; 2 Hil. on Torts, 517, sec. 10.)

And we think it would be proper in such an action as this for the plaintiff to prove that the defendant promised to marry his daughter, when by reasons of such promise he succeeded in seducing her. It is urged by the appellant that as no promise of marriage is alleged in the complaint to have been made, no evidence to prove it was admissible on the trial. This proposition we regard as untenable, for evidence of a promise to marry could only be offered as one of the means by which the seduction was accomplished, and it is not allowable to set forth the evidence in a pleading.

The record in this case does not disclose the fact whether any testimony was offered on the trial tending to prove that the appellant promised to marry Flora Parker, and we have but an isolated sentence from the charge of the court, taken from the context, which ought to have been included in the bill of exceptions. We are therefore left to infer that evidence of this kind was offered and admitted by the court, otherwise no allusion would have been made to it in the charge to the jury. When an instruction is given by the

court and the record does not set forth all the testimony given at the trial, the rule is that if upon any state of the evidence which might have been properly before the court and jury, the instruction would have been correct, it will not be reversed by the appellate court. "But if upon no state of the evidence which can be supposed to have been before the court and jury would the charge have been correct, the giving of the erroneous charge will be a cause for reversal." (*Keating* v. *The State,* 44 Ind. 450.) Tested by this rule the charge of the court to the jury was not erroneous and the judgment is affirmed.