THE CHICAGO, BURLINGTON & QUINCY RAILROAD COM-PANY, PLAINTIFF IN ERROR, v. J. PAINTER & SONS, DEFENDANTS IN ERROR.

1.  **Stoppage in Transitu:** CONTINUANCE OF RIGHT. The right of stoppage in transitu by the vendor continues until the goods have reached the buyer and the delivery is complete.

2.  ————: RIGHT NOT EXTINGUISHED BY GARNISHMENT OF CAR-RIER. The right of stoppage in transitu is not impaired or extinguished by service of process of garnishment upon the carrier.

3.  **Garnishment, no Defense.** The fact that a common carrier has been garnished by a creditor of an insolvent debtor to whom property is consigned, is no defense to an action of replevin, by the vendor, who has given notice to the carrier and demanded the goods.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*J. L. Mitchell* and *Marquett & Deweese*, for plaintiff in error.

Defendants offered to show that they had been garnished on the 13th of June, and that no claim was laid to the goods until the 25th; and offered the proceedings in garnishment, which was ruled out by the court. This we think is clearly error, as it would have tended to prove that the defendants in error had not claimed the goods in transitu. The mere fact that after the creditors had seized upon the goods, and William M. Babbitt refused to accept them, would not make any difference. The court erred in ruling out the evidence, as appears on record, for it had some tendency to prove the issues.

*F. P. Ireland* and *Watson & Wodehouse*, for defendant in error, cited: *Naylor v. Dennie*, 19 Am. Dec., 319. *Rucker v. Donovan*, 13 Kan., 251. *Wood v. Yeatman*, 15 B. Mon., 270. *Seymour v. Newton*, 105 Mass., 372. *Covell v. Hitchcock*, 23 Wend., 611. *Kitchen v. Spear*, 30 Vt., 545. 16 Cent. Law Journal, 82.

REESE, J.

There is but one question presented by the record in this case, and that is whether the right of stoppage *in transitu*, belonging to a vendor of goods, on credit, can be extinguished by the service of garnishee process upon the carrier before the delivery of the goods to the consignee.

The defendants in error, doing business in Pittsburg, Penn., sold and consigned to the Nebraska Distilling Company, at Nebraska City, certain merchandise, which was transported through the state of Iowa over the line of railroad belonging to the defendant in error. Before the arrival of the goods at their destination the consignee became insolvent, and the goods were not delivered, nor was the freight paid. While the goods were in the possession of the plaintiff in error, the Murray Iron Works Company instituted attachment proceedings in the circuit court

of Des Moines county (at Burlington), Iowa, against the Nebraska Distilling Company, and caused notice of garnishment to be served upon the plaintiff in error as a supposed debtor of the defendant in said cause. Afterwards, but before the answer of the garnishee, the defendants in error served notice on the plaintiff in· error that they claimed the right of stoppage *in transitu*, and demanded the goods. The demand being refused, this action in replevin was commenced, the goods replevied and delivered to the defendant in error.

On the trial of the cause in the district court, the plaintiff in error offered in evidence a certified transcript of the proceedings in the lower court, which, upo  objection, was excluded and the proper exception taken. This ruling is now assigned for error.

The law is well settled that the right of stoppage *in transitu* arises upon the discovery, by a vendor after sale on credit, of the insolvency of the vendee, and the right continues until the goods have reached the vendee and the delivery to him or his agent is complete. Hutchinson on Carriers, § 499. *O'Niel v. Garrett*, 6 Iowa, 479. *Callahan v. Babcock*, 21 O. S., 281. *Reynolds v. Boston & Maine R. R. Co.*, 43 N. H., 580. *Sutro v. Hoile*, 2 Neb., 186. 2 Redfield on Railways, 132. This right is based upon the just and equitable rule of law that the property of one man shall not be taken to pay another man's debts, and is recognized in all civilized countries.

We think it is equally well settled that this right cannot be impaired or extinguished during its existence by the acts or interference of a third party, but will follow the goods and attach to them. Hence, it is held that the seizure of such goods by an officer under legal process in favor of some other creditor does not destroy the right, but that the vendor may follow the officer and retake the goods. *Ruskin v. Donovan*, 13 Kas., 251. *Greve & Co. v. Dunham*, 14 N. W. Rep., 130 (Iowa).

In the case of *O'Niel v. Garret, supra,* the court says: "As to the effect of the levy upon the goods by the defendant Garret, as sheriff, by virtue of an attachment at the suit of a creditor of Holmes, there can be no doubt but that the plaintiff's right as vendor is not divested by the levy before the goods came into the possession of the buyer. The plaintiff has the preference over the legal process of a general creditor, although but for the suit they would have fallen into the hands of the vendee." In support of which the court cites the following cases: *Covell v. Hitchcock,* 23 Wend., 611. *Buckley v. Furness,* 15 Wend., 137. *Naylor v. Dennie,* 8 Pick., 198. *Sawyer v. Joslin,* 20 Ver., 172. *House v. Judson,* 4 Dana, 11. *Cox v. Burns,* 1 Iowa, 64.

If the right of stoppage continues until delivery of the goods, and a levy thereon does not divest this right, it seems clear, on principle, that the right of the vendor cannot be impaired or extinguished by the garnishment of the carrier, for the process of garnishment can have no greater force than the levying upon the goods, as it is simply one of the methods of reaching the property of the debtor in the possession of a third party, which cannot be reached by the ordinary levy and seizure.

The ruling of the district court being, in our opinion, correct, the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.