[Filed May 24, 1886.]

## HIRAM LEE v. ALEXANDER COOLEY.

SEDUCTION—ACTION BY PARENT—AGE.—In an action by a father for seduction of his daughter, a complaint stating that the daughter at the time of the alleged seduction was of the age of sixteen years sufficiently alleges that she was under twenty-one.

SAME—EVIDENCE—ADMISSIONS—LETTERS BETWEEN PARTIES.—In such an action, a letter from the daughter to the defendant, and his reply thereto, stand on the footing of conversations between the parties. But in such case, it should satisfactorily appear that the letter was written in good faith.

LANE COUNTY.    Defendant appeals.    Affirmed.

Action for the seduction of the plaintiff's daughter. The defendant demurred to the complaint as not stating that the daughter alleged to have been seduced was at the time under the age of twenty-one years. The allegation was, " that the said Elsie Lee was of the age of sixteen years." The demurrer was overruled. At the trial, the plaintiff offered and the court admitted in evidence, a letter written by the daughter after the alleged seduction and before the commencement of the suit, in which she accused the defendant of getting her into trouble, and calling upon him to marry her, as he had promised he would. This letter was delivered to the defendant in

person by the plaintiff while the defendant was plowing in his (defendant's) field. The answer and declaration made by the defendant at the time he read the letter were sworn to by the plaintiff. The defendant also testified in his own behalf.

*G. S. Washburn,* for Appellant.

*W. N. Noffsinger,* for Respondent.

WALDO, C. J. The objection that the complaint did not state a cause of action is made unavailing by the decision in *Parker* v. *Monteith,* 7 Or. 277.

The letter, and the defendant's reply thereto, stand on the footing of conversations between the parties. The letter spoke the language of the daughter as if she was personally present. The defendant was called upon to reply. " What is said to a man before his face he is in some degree called on to contradict, if he does not acquiesce in it." (*Fairlie* v. *Denton,* 3 Car. & P. 103.) In *Boyden* v. *Burke,* 14 How. 581, a letter from plaintiff to defendant was adjudged competent evidence on the part of the plaintiff, in connection with the reply made thereto by letter by the defendant. So in *Holler* v. *Weiner,* 15 Pa. St. 245, the court say: "Allegations made in a letter, responded to by the other party, are considered in the light of declarations or conversations between the parties, and as such, properly admissible in evidence. (*Smith* v. *Kennedy,* 1 Wash. Ter. 55; *Learned* v. *Tillotson,* 97 N. Y. 9–12.) It ought to appear to the court, doubtless, that the letter was offered in good faith, to get the defendant's declarations made in answer thereto, as well as the letter before the jury.

Judgment affirmed.