[*No. 1300.*]

A. FENKHAUSEN & CO., APPELLANTS, *v.* F. M. FELLOWS, RESPONDENT.

STOPPAGE IN TRANSITU—EVIDENCE—KNOWLEDGE OF INSOLVENCY—AT-
TACHMENT.—In an action for goods attached by defendant while in transit to a consignee of plaintiffs, one of the plaintiffs testified that the consignee was now insolvent, but that, judging from previous dealings with him, they had every reason to believe that, when the goods were shipped, he was financially responsible, and first learned that he was insolvent when the goods were attached. A witness for plaintiffs testified that he was their traveling agent; that he and plaintiffs always knew that the consignee was insolvent, but that they trusted to his honor, and not to his solvency, believing that he would pay as he had always previously done. *Held,* that the evidence warranted a finding that plaintiffs knew of the consignee's insolvency at the time of shipping the goods.

IDEM.—In such case plaintiffs could not reclaim the goods by right of stoppage *in transitu*, after they had been attached, as it is essential to the exercise of that right that the consignor shall learn of the consignee's insolvency after the goods are shipped.

APPEAL from the District Court of the State of Nevada, Humboldt County.

A. L. FITZGERALD, District Judge.

*L. A. Buckner*, for Appellants.

I.  With reference to the evidence it may be that plaintiffs cannot contradict their own witness; but they can show what the facts really were. (*Coulter* v. *American etc. Ex. Co.*, 56 N. Y. 585; *Sewell* v. *Gardner*, 48 Md. 178; *Dowdell* v. *Wilcox*, 58 Ia. 199; *Smith* v. *Ehanert*, 43 Wis. 181; *Pennsylvania R. R. Co.* v. *Fortney*, 90 Penn. St. 323.)

II.  This action was to enforce plaintiff's vendor lien, not to rescind the contract of sale. The basis on which the right of stoppage *in transitu* rests, is on the plain reason of justice and equity, that one man's goods should not be applied to the payment of another man's debts. (*De Aquilla* v. *Lambert*, 2 Eden, 77; *Secomb* v. *Nutt*, 14 B. Mon. 324.) In order to give the vendor the right of stoppage *in transitu* two elements must concur: (1) The purchase price of the goods must be unpaid. (2) The insolvency of the vendee; and the right must be exercised before the actual delivery of the goods. The right of stoppage *in transitu* is called into existence for the vendor's benefit, after the buyer has acquired *title* and *right of possession*, and *even constructive possession*, but not yet *actual possession*. (*Keeler* v. *Goodwin*, 111 Mass. 490; *Treadwell* v. *Aydlett*, 9 Heisk. 388; *James* v. *Griffin*, 1 M. & W. 20; 2. M. & W. 633; *Moore* v. *Lott*, 13 Nev. 376.

III.  The vendor's lien was paramount to the attachment lien claimed by the First National Bank, or by third persons, through Wm. Twist. (*Buckley* v. *Furniss*, 15 Wend. 137; *Markwald et al.* v. *Their Creditors*, 7 Cal. 213. In this action the concurring elements of the non-payment of the price of goods and insolvency of Twist, the Southern Pacific R. R. Co. was and is deemed the agent of the plaintiffs. (*Calahan* v. *Babcock*, 21 Ohio St. 281; 8 Am. Rep. 63. When the defendant levied upon the goods, he committed

a · tort, by wrongfully taking and holding goods against plaintiff's consent. (*Newhall* v. *Vargas*, 13 Me. 93; 29 Am. Dec. 489; *Babcock* v. *Bonnell*, 80 N. Y. 244; *Stubbs* v. *Lund*, 7 Mass. 453; 5 Am. Dec. 63; *Bell* v. *Moss*, 5 Whar. 189; *Alkins* v. *Colby*, 20 N. H. 154; *Clapp* v. *Peck*, 55 Ia. 270; *Loeb* v. *Peters*, 63 Ala. 243; 35 Am. Rep. 17; *Reynolds* v. *Boston & M. R. R.*, 43 N. H., 580; *Stevens* v. *Wheeler*, 27 Barb. 658; *O'Brien* v. *Norris*, 16 Md. 122; 77 Am. Dec. 284; *Benedict* v. *Schaettle*, 12 Ohio St. 515; *Biggs* v. *Barry*, 2 Cur. (C. C.) 259; *Schwabacher* v. *Kane*, 13 Mo. App. 126; *Hays* v. *Mouille*, 14 Pa. St. 48; *Naylor* v. *Dennie*, 8 Pick. 198; 19 Am. Dec. 319; *Rogers* v. *Thomas*, 20 Conn. 53; *Seymour* v. *Newton*, 105 Mass. 272; *Stanton* v. *Eager*, 16 Pick. 467; *Arnold* v. *Delano*, 4 Cush. 33; 50 Am. Dec. 754; *Grout* v. *Hill*, 4 Gray, 361; *Ilsley* v. *Stubbs*, 9 Mass. 65; 6 Am. Dec. 29.

*M. S. Bonnifield*, for Respondent.

By the Court, MURPHY, J.

This is an action for claim and delivery of personal property, tried in the district court of Humboldt county. The trial was had before the court without a jury, and judgment given for the defendant. The following facts appear from the evidence: "On the twenty-fourth of October, 1887, one William Twist, of Paradise valley, Humboldt county, in this state, through a traveling agent of the plaintiffs, ordered from them goods and merchandise of the value of three hundred and thirty-two dollars and seventy-five cents. On the twenty ninth day of October, 1887, the goods were shipped by the plaintiffs, over the route of the Southern Pacific Railroad, to be forwarded to William Twist at Paradise valley, by the way of Winnemucca. When the goods reached Winnemucca, *in transitu* to Twist, at Paradise valley, the defendant, as sheriff of Humboldt county, took possession of the goods, under and by virtue of a writ of attachment issued in a suit then pending, wherein the First National Bank of Winnemucca was plaintiff, and William Twist was the defendant, as the property of said Twist. Said Twist has never paid for the goods so attached, never had possession of them, and did not exercise any control over them whatever. R. Fenkhausen, one of the plaintiffs, testified that Twist was now insolvent. "Judging from previous dealings with Twist, they had every reason to believe that at the time the goods were shipped to Twist he was financially responsible, or else they would not have shipped Twist the goods." The

witness "first learned that Twist was insolvent when the goods were attached at Winnemucca." Johnson testified on the part of plaintiffs as follows: "He was a traveling agent for the plaintiffs, but not the one that took Twist's order. He had been sent up by plaintiffs to look after the matter after the property had been attached. Plaintiffs had sold Twist goods before, but he (Twist) had always paid for them. He had found Twist insolvent. He always knew that a collection could not be forced by law, but he (Twist) had always paid up. We knew that we could not collect from him by law. The plaintiffs knew when they shipped the goods to Twist that they could not enforce a collection of him by law. Twist had always paid, and they trusted in his honor for payment, not to his solvency. Twist had been trading with plaintiffs previousyl, and had always paid up, and they trusted him for these goods, knowing they could not force a collection, but believed that he was honest and would pay for them as he had done before." On the foregoing evidence the court found "that, at the time of said sale of said goods by said plaintiffs to said Twist, said Twist was insolvent, and at that time said plaintiffs knew of his said insolvency, and trusted alone to his honor for payment."

Counsel for appellants contends that the finding is not supported by the evidence, and to sustain his position he argues that the testimony, as given by Johnson, should be disregarded, because it conflicts with the testimony as given by Fenkhausen, one of the plaintiffs. Johnson was the plaintiffs' witness. He was also their traveling agent, and it is fair to presume that it was a part of his duty to find out the financial condition of each one of plaintiffs' customers, and to report the same to his principals, and the judge who tried this case must have come to the conclusion that Johnson had so reported Twist's financial condition to the plaintiffs; and when they shipped the goods they knew, as he says, "a collection could not be enforced against Twist by law." This being the case, the evidence supports the finding.

Plaintiffs' title was based upon an attempted exercise of the right of stoppage *in transitu*. By the common law of England and the several states, the unpaid vendor of goods, in case of the insolvency of the vendee, may reclaim them while on their passage to the vendee, not only as against the vendee,

himself, but also as against his creditors, by stopping them while *in transitu*. This right was first introduced and founded in equity, but has long been adopted and acted upon as a legal remedy. The courts of law, admitting the justice of the right, have recognized it in constant practice, and extended a liberal aid in enabling an unpaid consignor or vendor to regain possession of property on its way to a vendee who from his circumstances may not be in a condition to fulfill the terms of his contract. What was formerly a mere equitable claim is now a legal possessory right. This right is nothing more than the extension of the lien which the vendor has, on all sales for the price, until after the delivery to the vendee, or his agent. This right of stoppage *in transitu* on a sale of goods on credit arises when the vendee becomes insolvent after the sale. The basis of this right is that the insolvency of the vendee was not contemplated by the vendor in the sale, and that it is just that he should, on account of that unforeseen event, endangering the loss of the price, be permitted to reclaim the goods, and keep them as security for payment at any time before delivery. (*Harris* v. *Pratt*, 17 N. Y. 263; *Chicago etc. R. R. Co.* v. *Painter*, 15 Neb. 396, and authorities cited; *Cox* v. *Burns*, 1 Iowa 68; *Blackman* v. *Pierce*, 23 Cal. 510; *Chandler* v. *Fulton*, 10 Tex. 12; 60 Am. Dec. 188.) If the facts of the insolvency of the vendee came to the knowledge of the vendor after the sale, although existing before, the vendor still has the right of stoppage *in transitu* (*Clark* v. *Lynch*, 4 Daly, 83; *Gustine* v. *Phillips*, 38 Mich. 675.) But the plaintiffs, knowing of the insolvency of Twist at the time they sold and shipped him the goods, could not reclaim them after they had been attached, and passed into the possession of an officer. (*Blum* v. *Marks*, 21 La. Ann. 268; 99 Am. Dec. 725; *Buckley* v. *Furniss*, 15 Wend. 142; 1 Redf. Ry. 160; *O'Brien* v. *Norris*, 16 Md. 132; 77 Am. Dec. 284; Pars. Merc. Law, 61.) The judgment and order appealed from are affirmed.