### FRAME *v*. OREGON LIQUOR CO.

85 Pac. 1009, 86 Pac. 791.

PRIVATE LETTER AS EVIDENCE.

1. A letter forming part of a correspondence between the parties to an action and concerning the subject-matter in dispute is competent evidence, being on the same footing as a conversation.

TROVER AND CONVERSION—EVIDENCE—ADMISSIBILITY.

2. Where, in an action for conversion, it was shown that the goods had been bought by a third person, and placed in plaintiff's possession charged with the duty of forwarding them to the third person when ordered and that defendant, a creditor of the third person, had obtained possession of them from the plaintiff by a trick and without authority, evidence that the seller had demanded possession from plaintiff was admissible as showing that he had exercised the right of stoppage in transitu and that plaintiff had been compelled to settle for the goods.

SALES—STOPPAGE IN TRANSITU—DURATION OF TRANSIT.

3. A seller on credit may resume possession of the goods while they are in the hands of a carrier or middleman in transit to the buyer, if the latter becomes insolvent; and this right continues until the delivery of the goods to the buyer or his agent, as against the right of seizure under legal process by creditors of the buyer.

SAME—CASE UNDER CONSIDERATION.

4. A seller having shipped goods to a buyer living back from a railroad, the buyer directed a forwarding teamster to receive such goods from the railroad company and store them until further orders. Before giving any further directions the buyer became insolvent, and the seller

demanded possession, claiming the right to rescind the sale, no payment having been made, and to stop the goods in transit. *Held*, that the teamster was merely a forwarding agent, and that property in his hands consigned to such buyer was still in transit.

PLEADING IN TROVER—ALLEGATIONS AND PROOFS UNDER DENIAL.

5. Where, in an action for conversion, the defense was that the goods were the property of a debtor of defendant and had been attached and sold, it was competent for plaintiff to show that the goods which had been sold to the debtor had never been delivered to him, but were in transit at the time defendant obtained possession, and that subsequently the seller exercised the right to stop the goods in transit and annul the sale, without especially pleading such facts, they being admissible under a denial of the attachment and sale as tending to show that the property did not belong to the debtor when seized.

SALES—MANNER OF ASSERTING RIGHT TO STOP IN TRANSIT.

6. No particular form is required in asserting the right of stoppage in transit, and it may be done by another at the request of the debtor, as well as by the debtor himself.

From Baker: SAMUEL WHITE, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by R. W. Frame, doing business as the Frame Forwarding Co., against Ben Grunbaum and Lee Hirschland, doing business as the Oregon Liquor & Cigar Co., to recover damages for the conversion of personal property. The plaintiff is engaged in the warehouse and forwarding business at Huntington, a station on the Oregon Railroad & Navigation Co.'s railroad. Some time prior to December, 1903, one Olsen, a liquor and cigar dealer at Drewsey, a town about 60 miles from Huntington, ordered certain goods of the defendants, who were doing business in Baker City, and also of Meyer, Mish & Co., of San Francisco, and Palm, Whitman & Co., of Medford, in this State. These goods were all sold on credit, and consigned by the respective sellers to Olsen at Drewsey by way of Huntington. When they reached Huntington they were received by plaintiff from the railroad company under authority from Olsen and stored in his warehouse to be transported to Drewsey by team when ordered by Olsen. While the goods were thus in the possession of the plaintiff, Olsen became insolvent, and defendants, representing that they had an order from him for all such goods, directed plaintiff to ship them to Baker City, which was done accordingly. The goods reached the defendants on the 10th of December and on or about the 15th they commenced

(48th Or.—18)

an action at law against Olsen to recover a balance due on account, and the goods purchased by him from Meyer, Mish & Co. and Palm, Whitman & Co. were attached. On December 24th the plaintiff received notice of Olsen's failure, and an order from him to return the goods to the original consignors. He thereupon demanded possession from the defendants of the Meyer, Mish & Co. and Palm, Whitman & Co. goods; but they refused to return the same to him, claiming that they had been attached as stated. The defendants subsequently recovered judgment against Olsen, and caused the goods to be sold under an execution issued thereon. The possession of the goods was afterwards demanded of the plaintiff by Meyer, Mish & Co. and Palm, Whitman & Co., and, being unable to deliver them, he paid the value thereof, and subsequently commenced this action against the defendants for a wrongful conversion. The complaint sets up the facts substantially as stated. The answer pleads in substance that the goods had been delivered to and were the property of Olsen and sets up the attachment and sale under execution as a defense. The plaintiff had judgment, and defendant appeals, assigning error in the admission of evidence and in the giving and refusal of certain instructions.

AFFIRMED: REHEARING DENIED.

For appellants there was a brief over the name of *Hart & Smith,* with an oral argument by *Mr. Julius Newton Hart.*

For respondent there was a brief and an oral argument by *Mr. John Langdon Rand.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

There are many assignments of error, but they may be grouped under substantially three heads: (1) The admission in evidence of a letter written by the plaintiff to the defendants on December 30, 1903, notifying them of the order from Olsen to return the goods to the consignors and asking for a copy of the order which they had represented they had from Olsen for the possession of the goods, and intimating that if they did not have such an order plaintiff would be constrained to commence legal proceedings to recover the goods or their value; (2) the

admission of evidence tending to show that Meyer, Mish & Co. and Palm, Whitman & Co. demanded of the plaintiff possession of the goods consigned by them to Olsen, and of plaintiff's subsequent settlement with such firms; (3) instructions of the court concerning the right of a seller of goods to stop them *in transitu.*

1. The letter complained of was a part of the correspondence had between the plaintiff and the defendants concerning the goods in question, and was clearly competent testimony. It was a part of, and explanatory of, the transaction between the parties, and stood practically on the footing of a conversation between them: *Lee* v. *Cooley,* 13 Or. 433 (11 Pac. 70).

2. The evidence that Meyer, Mish & Co. and Palm, Whitman & Co. had demanded possession from plaintiff of the goods consigned by them to Olsen was competent as tending to show that they had exercised the right of stoppage *in transitu,* and that plaintiff had been compelled to settle with them for the goods of which the defendants had wrongfully obtained possession.

3. The objection to the instructions concerning the right of Meyer, Mish & Co. and Palm, Whitman & Co. to stop the goods ordered from them by Olsen in transit is two-fold. First that the right of stoppage *in transitu* ceased when the goods were delivered by the railroad company to the plaintiff, and second such instructions were outside of the issues made by the pleadings. In case of a sale of goods on credit the vendor may resume possession of the goods while they are in the hands of a carrier or middleman in transit to the vendee or consignee on his becoming insolvent: *Buckley* v. *Furniss,* 15 Wend. 137; Newmark, Sales, § 413; Hutchinson, Carriers (2 ed.), § 415. This right continues until the delivery of the goods to the consignee or his agent is completed (26 Am. & Eng. Encyc. Law (2 ed.), 1088; 2 Mechem, Sales, § 1537), and cannot be impaired or extinguished during its existence by seizure under legal process on behalf of the buyer's creditors: 2 Mechem, Sales, § 1571; *Buckley* v. *Furniss,* 15 Wend. 137; *Chicago, etc. R. Co.* v. *Painter,* 15 Neb. 394 (19 N. W. 488).

4. Now, the goods in controversy were consigned by the sell-

ers to Olsen at Drewsey, a point 60 miles from Huntington. The plaintiff is engaged in the warehouse and forwarding business at Huntington. He had authority from Olsen to receive from the railroad company all goods consigned to him, and forward them to their destination when ordered to do so. He could not change the destination of the goods, nor make any disposition of them except to forward them to Drewsey. He was, therefore, a mere forwarding agent, and the goods were in transit while in his possession, and subject to the right of the seller to take possession thereof on the consignee becoming insolvent: Hutchinson, Carriers (2 ed.), § 416; Newmark, Sales, § 414; 2 Mechem, Sales, § 1547. The transit of the goods had, therefore not terminated at the time the consignors demanded the return thereof and the instructions upon that question were pertinent.

5. Nor was it necessary for the plaintiff to aver that the goods had been stopped *in transitu* by the vendors to entitle him to prove that fact, and the court to instruct the jury in reference thereto. The defendants set up as a defense that the goods were the property of Olsen, and ·had been attached as such. To overcome this defense it was competent for the plaintiff to show that the goods had never been delivered to Olsen, but were still in transit at the time the defendants wrongfully obtained possession thereof, and that subsequently the sellers had exercised the right given by law to cancel and annul the sale and thereby terminate any rights secured by the defendants under their attachment.

It follows that the judgment of the court below must be affirmed, and it is so ordered.     AFFIRMED.

Decided 21 August, 1906.

ON MOTION FOR REHEARING.

MR. CHIEF JUSTICE BEAN delivered the opinion.

6. A contention is made that there was no evidence of the exercise by Palm, Whitman & Co. and Meyer, Mish & Co. of the right of stoppage *in transitu,* but that in demanding possession from the plaintiff of the goods sold by them to Olsen, they acted upon a rescission of the sale, and not upon the right

given them by law to stop the goods in transit because of Olsen's insolvency. The complaint alleges, and the evidence tended to show, that upon Olsen's failure he requested Palm, Whitman & Co. and Meyer, Mish & Co. to take back the goods purchased from them, and authorized and directed them to demand a return thereof from the plaintiff, and that in pursuance of such authority and information they demanded the possession. This was, we think, evidence of the exercise of the right of stoppage *in transitu.* No particular method of exercising this right is required. The material and important thing is to inform the carrier or person in possession of the goods before their delivery to the consignee that the seller directs the further transit of the goods to cease. The reason or impulse which instigates the act is not important: 2 Mechem, Sales, § 1605. There was nothing in the action or conduct of the firms referred to to indicate that they claimed possession of the goods by reason of a rescission of the contract of sale, and did not rely upon the right of stoppage *in transitu.* The petition is denied.

AFFIRMED: REHEARING DENIED.

Decided 24 July, 1906.