### MALBIN BROS. CO. OF WASHINGTON v. W. J. IMLACH PACKING CO. et al.

No. C–419.

Third Division.

Sept. 6, 1928.

Tanner & Garvin, of Seattle, Wash., and Donohoe & Dimond, of Valdex, for plaintiff.

J. L. Reed, of Seward, for defendant Charles Coull.

J. L. Reed, of Seward, for interveners J. Imlach and wife.

L. V. Ray, of Seward, for Imlach Packing Co.

Donohoe. & Dimond, of Valdex, for Paul Ashley.

HILL, District Judge.

The complaint herein sets forth two causes of action; on each of which plaintiff seeks to recover a judgment against the defendant packing company for money advanced to the defendant packing company by the plaintiff's assignor and to have foreclosed two mortgages given by said defendant packing company to plaintiff's assignor to secure said advances.

The defendant packing company; relying upon the provisions. of section 908, Compiled Laws of Alaska, moves the court, as to plaintiff's first cause of action, as follows:

"for an order directing plaintiff to make its complaint more specific, certain and definite in respect to the following;

"I.

"As to paragraph VI in the plaintiff's first cause of action, wherein the plaintiff asserts the advance to mortgagor of various sums of money, which, after deducting all credits and offsets, left a balance due in the sum in said paragraph stated, that plaintiff be required to set forth the dates, place and amounts of money advanced to said mortgagor together with the dates, manner of payment and statement of all credits to which said mortgagor was entitled so that defendant may be advised of the various items of charges and credits from which said stated balance was determined.

"II.

"As to paragraph VII of plaintiff's first cause of action, that plaintiff be compelled to set forth of what the valuable consideration in said paragraph alleged consisted, whether of money, property or other effects."

As to the second cause of action, it makes a similar motion.

The allegations of paragraph VI, against which plaintiff's motion is directed, are; "That pursuant to the terms of the said mortgage, the said mortgagee did, from time to time between the 15th day of April, 1926, and the 1st of January, 1927, advance to the said mortgagor various sums of money which, after deducting all credits and offsets, leave a balance due the said mortgagee on the 1st day of January, 1927, of $13,960.33."

Two questions are presented by paragraph I of defendant's motion: First, is defendant entitled as of right to the information it demands? Second, assuming that it is entitled to that information, has it taken the proper step to obtain it?

■ ■ Among the ultimate facts to be alleged and established by plaintiff are that plaintiff's assignor did make an advance of money to defendant, that a certain portion thereof has not been paid, and that payment is now due. These facts are pleaded in paragraph VI. Details as to

when and where and how said advances were made and as to when and where and how credits were given are all purely evidentiary of the ultimate facts necessarily pleaded. Under our system a pleader should not plead his evidence and cannot be required to do so. Hence this motion to require plaintiff to set up in its complaint evidentiary matter is contrary to the spirit of our system of pleading. If uninformed as to such evidentiary facts, a defendant may require information as to them to avoid surprise at the time of the trial and to prepare its evidence, and, for those purposes, it is entitled to such information. Assuming that the defendant in the instant case requires the information demanded for the purposes indicated, it is entitled to it, but not necessarily to have its motion granted. By section 906, C.L.A., our Code has provided a way for the defendant to get the information he requires directly from the plaintiff without coming into court and without the delay incident to the filing and hearing of motions and the amendment of pleadings.

I think the distinction between the use of motion directed against a pleading under 908, and use of a demand for a bill of particulars under 906 is not merely arbitrary and without a substantial difference. If we should depart from the rule requiring pleading of ultimate facts only, an astute lawyer could always find some excuse to require amendment as to some evidentiary detail, and conciseness of pleading would be entirely sacrificed. Even more important is the question of delay. Legislators all over the land are trying to work out some plan of pleading which will avoid delay in getting cases to trial. Eminent jurists, including the Chief Justice of the United States Supreme Court, have been aroused to expression of great concern over the delays incident to our system. In my humble opinion, the fault is not with the system. It is in the administration of the law under it. It behooves lawyers to use the direct methods provided, and judges to require lawyers to do so. In the instant case, if defendant's motions were granted, it would mean not less than an addi-

tional month of delay in getting the case to issue. To avoid delays and to save the time of courts and litigants in all cases where section 906, C.L.A., is applicable, the defendant should be required to use that section rather than section 908, C.L.A.

These views are in accordance with the following citations: "The decisions relating to motion to make a pleading definite and certain and motions to direct the service of a bill of particulars are conflicting and confusing, but all distinction between such motions, it has been held, should not be abandoned. * * * In some jurisdictions where the distinction is observed, a bill of particulars and not an order to make more definite and certain is the proper remedy where the moving party does not require the details demanded for the purpose of pleading, but what is really wanted is a more particular statement of the claim or defence with a view of protection against surprise and limiting the issues at the trial." 31 Cyc. 645.

The Supreme Court of Oregon in the case of Parker v. Monteith, 7 Or. 277, which was a case brought by a father for the seduction of his daughter, considered a similar motion. The complaint in that action contained an allegation that the plaintiff had expended "large sums of money for medicines and was put to a great amount of trouble and expense in her said pregnancy and sickness."

The defendant moved the court to require the plaintiff to make his complaint more specific by stating the amount of money he had expended for medicine for his daughter and how much trouble and expense he had been put to by reason of her alleged pregnancy. The court denied the motion, and that ruling was assigned as error by the appellant. The Supreme Court of Oregon said in that action: "The plaintiff having failed to specify the amounts of money expended, by giving the items of the account, all the court could do in the premises was to preclude him from giving evidence thereof. (Civ.Code, § 82.)"

Section 82, referred to, contained the same provisions as section 906, C.L.A.

For these considerations, paragraph I of defendant's motion, both as to the first and second causes of action, should be denied.

██ Paragraph VII of plaintiff's complaint, against which the second part of defendant's motion is directed, alleges in appropriate language that prior to the commencement of this action the Malbin Bros. Company, a corporation, for a valuable consideration, assigned to plaintiff the demands sued upon. Defendant has cited me to no authority, nor have I found any, supporting the theory of the second paragraph of its motion. In an action by an assignee against a debtor, I understand the rule to be that it is not necessary to set out the consideration for the assignment. 5 C.J. 1010. Therefore the second paragraph of defendant's motion should also be denied as to each cause of action.

An order may be entered denying defendant's motion.